[Cite as *State v. Lett*, 2016-Ohio-4811.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

STATE OF OHIO                                )
                                             )
    PLAINTIFF-APPELLEE               )
                                             )           CASE NO. 15 MA 0128
VS.                                          )
                                             )           OPINION
MARK LETT                                    )
                                             )
    DEFENDANT-APPELLANT              )

| | |
|---|---|
| CHARACTER OF PROCEEDINGS: | Criminal Appeal from the Court of Common Pleas, Mahoning County, Ohio Case No. 14 CR 816 |
| JUDGMENT: | Reversed. Remanded for resentencing. |

APPEARANCES:

| | |
|---|---|
| For Plaintiff-Appellee | Attorney Paul Gains<br>Mahoning County Prosecutor<br>Attorney Ralph Rivera<br>Assistant Prosecutor<br>21 West Boardman Street, 6th Floor<br>Youngstown, Ohio 44503-1426 |
| For Defendant-Appellant | Attorney John Falgiani, Jr.<br>8872 East Market Street<br>P.O. Box 8533<br>Warren, Ohio 44484 |

JUDGES:

Hon. Mary DeGenaro
Hon. Gene Donofrio
Hon. Cheryl L. Waite

Dated: June 30, 2016

DeGENARO, J.

**{¶1}** Defendant-Appellant, Mark Lett, appeals the judgment of the Mahoning County Court of Common Pleas overruling his motion to withdraw his guilty plea; convicting him of multiple charges including trafficking in counterfeit substances, tampering with records, receiving stolen property, telecommunications fraud, forgery, passing bad checks, and identity theft; and sentencing him accordingly. On appeal, Lett argues that the trial court abused its discretion by denying his pre-sentence motion to withdraw his guilty plea. He also contends the court erred by failing to merge several charges as they are allied offenses of similar import. Finally, he contends trial counsel was ineffective.

**{¶2}** For the following reasons, Lett's assignments of error are meritless; however, a review of the record reveals plain error regarding the sentencing with respect to two counts. Accordingly, the judgment of the trial court is reversed and the matter remanded for a limited resentencing.

### Facts and Procedural History

**{¶3}** On August 7, 2014, Lett was secretly indicted by a Mahoning County grand jury on: two counts of trafficking in counterfeit controlled substances, R.C. 2925.37(B) and (H), fifth-degree felonies; one count of tampering with records, R.C. 2913.42(A)(1) and (B)(4), a third-degree felony; one count of receiving stolen property, R.C. 2913.51(A), a first-degree misdemeanor; one count of receiving stolen property, R.C. 2913.51(A) and (C), a fifth-degree felony; two counts of telecommunications fraud, R.C. 2913.05(A) and (C), four counts of forgery, R.C. 2913.31(A)(1) and (C)(1)(a)(c)(i), all fourth-degree felonies; four counts of passing bad checks, R.C. 2913.11(B) and (F), fifth-degree felonies, one count of identity theft, R.C. 2913.49(C) and (I)(3) and one count of money laundering, R.C. 1315.55(A)(1), both third-degree felonies; and one count of engaging in a pattern of corrupt activity, R.C. 2923.32(A)(1), a first-degree felony. Co-defendant Caprice A. Daye was also charged with multiple counts in the same indictment.

**{¶4}** The record contains very little factual background regarding these charges, other than what is stated in the indictment. We can glean from documents in

the record that Lett and his co-defendant sold counterfeit oxycodone to a confidential informant on several occasions, and that, as a result, a search warrant was issued for Lett's residence and his co-defendant's vehicle. The additional charges presumably arose from the fruits of that search warrant and the resulting investigation.

{¶5} Lett appeared, pled not guilty and was appointed counsel. The trial court denied bond. Lett filed a motion for a bill of particulars which the trial court sustained; however, from the record it does not appear that a bill of particulars was ever filed. After original appointed counsel withdrew citing irreconcilable differences, the trial court appointed new counsel.

{¶6} Lett filed a motion to suppress, in which he argued: (1) he was arrested without a warrant and without probable cause; (2) the search warrant was invalid; and (3) statements he made to police were in violation of his *Miranda* rights, which the State opposed. The trial court denied Appellant's motion to suppress as to the first two grounds and set a hearing on the *Miranda* issue; however the issue was never heard as Lett subsequently entered a plea.

{¶7} In the meantime, during a pretrial, the trial court denied Lett's oral motion to appoint new counsel, or in the alternative, to retain counsel, following a hearing on the motion, finding:

> Defendant failed to demonstrate a complete breakdown in communications. Defendant was in Court one week ago and no suggestion was made by him of a breakdown in communications. There was no communication between that time and today's motion when Defendant announced to his lawyer he wanted new counsel.
>
> The Court has balanced Defendant's right to counsel and the public's interest in a speedy resolution. This case has been pending for almost a year, which is well beyond Supreme Court guidelines of ninety (90) days. Previous counsel withdrew and new counsel was appointed because Defendant had "lost confidence" in his appointed counsel. His most recent motion comes within days of an unfavorable partial ruling

on a Motion to Suppress and a final offer by the State of significant prison time, and five (5) days before his fifth scheduled trial date.

Defendant has had sufficient time to obtain funds from outside sources to retain his own counsel.

The Court finds the Motion to be unsubstantiated and unreasonable and a delay tactic.

**{¶8}** The next day, apparently without knowledge of the trial court's denial of Lett's pro-se motion to appoint new counsel, defense counsel filed a motion to withdraw, noting Lett had filed a grievance against him which had since been dismissed, without elaborating on the details; and despite the grievance, he had continued to represent Lett after meeting with Lett to discuss the issue and learning Lett did not object to his continued representation. Since then, however, counsel stated that "the attorney-client relationship now suffers from irreconcilable differences and counsel believes that effective representation cannot be afforded to this Defendant."

**{¶9}** In any event, the following day, while still represented by counsel, Lett entered into a Crim.R. 11 plea agreement. The State agreed to dismiss the money laundering and the engaging in a pattern of corrupt activity charges, and to recommend an aggregate 59-month prison sentence. In exchange, Lett agreed to plead guilty to the remaining applicable charges in the indictment.

**{¶10}** At the plea hearing the issue of Lett's prior problems with appointed counsel was examined; counsel withdrew his motion and Lett stated that he was able to sufficiently communicate with counsel so as to make a knowing, voluntary and intelligent plea. The trial court engaged in a colloquy with Lett about the rights he would be giving up by pleading guilty; Lett indicated his understanding and pled guilty. Notably, Lett agreed that no one had threatened him or promised him anything in exchange for his guilty pleas. The trial court accepted Lett's guilty pleas as knowing, voluntary and intelligent.

**{¶11}** The day before the original sentencing hearing Lett filed a pro se

motion to withdraw his guilty pleas, which the State opposed. The trial court continued the hearing and Lett filed a successive motion to withdraw his guilty pleas.

**{¶12}** The trial court held a hearing on the motions. The prosecutor reviewed all of the factors regarding pre-sentence motions to withdraw pleas and argued that plea withdrawal was unwarranted. Insofar as Lett filed the motions pro se and part of his argument was ineffective assistance of counsel in the plea process, counsel gave only the following brief statement: "Well, Your Honor, in light of his motion, I have to proceed very cautiously in this situation. So the most that I can say is, and I think Mark would agree, he wanted to file this pro se. He did not ask me to file this motion, and that's probably all I want to say."

**{¶13}** The trial court engaged in a lengthy colloquy with Lett about his reasons for wanting to withdraw his guilty plea. Lett asserted that he had twice written to counsel to ask him to file the motion to withdraw, but received no answer. In support of his motion, Lett argued that he was misled by counsel during the plea proceedings. Lett claimed he wanted to proceed to trial initially, but counsel erroneously told him that several witnesses he wanted to call to testify would not be permitted to do so. Lett did not elaborate about these witnesses other than to say one was "a public official." Lett conceded that he did not raise any of these issues during the earlier plea colloquy with the trial court.

**{¶14}** The trial court then denied Lett's motion to withdraw his guilty plea, after providing its reasoning on the record. The trial court then proceeded to sentencing. The prosecutor stood by its recommendation of 59 months, per the plea agreement. Upon request of the trial court, the prosecutor gave factual support for the third degree felony maximum sentence recommendations on counts 9 and 21, tampering with records and identity theft, respectively. Defense counsel asked the trial court to follow the jointly recommended sentence. Upon being asked by the trial court, Lett gave a lengthy statement regarding sentencing.

**{¶15}** The trial court considered the statements made by Lett and the State, in addition to the information in the PSI, as well as the principles and purposes of

sentencing in R.C. 2929.11 and the seriousness and recidivism factors of R.C. 2929.12, and made findings relative to consecutive sentences and imposed a combination of consecutive and concurrent sentences for an aggregate prison term of 59 months with jail-time credit of 354 days for time served, plus additional days for conveyance to the state institution. The trial court also imposed three years of discretionary post-release control and explained the ramifications of violating post-release control.

{¶16} Although the aggregate prison sentence—59 months—was the same in the plea agreement, sentencing hearing and sentencing entry, there are notable differences in the specifics. The plea agreement recommended a sentence of six months on Count 10, the misdemeanor receiving stolen property charge. A sentence of 12 months was recommended on Count 20, one of the passing bad checks counts. During the sentencing hearing, however, the trial court failed to pronounce any sentence for Counts 10 and 20. Moreover, there were no arguments regarding allied offenses during the hearing and the trial court did not state on the record that it was merging any counts.

{¶17} By contrast, pertinent to this appeal, the sentencing entry states that Count 10 is to merge with Count 11, receiving stolen property and imposed no sentence for Count 20, passing bad checks.

### Presentence Motion to Withdraw Guilty Plea

{¶18} In his first of three assignments of error, Lett asserts:

> The trial court abused its discretion in denying Appellant's presentence motion to withdraw guilty plea.

{¶19} The Supreme Court of Ohio has stated that trial courts should "freely and liberally" grant pre-sentence motions to withdraw guilty pleas. *State v. Xie*, 62 Ohio St.3d 521, 527, 584 N.E.2d 715 (1992). That, however, does not mean a defendant has an absolute right to withdraw a guilty plea prior to sentencing. *Id.* at paragraph one of the syllabus. Rather, there must be "a reasonable and legitimate

basis for withdrawal of the plea." *Id*. A trial court's decision regarding a plea withdrawal motion is reviewed under an abuse of discretion standard. *Xie* at 526. "Abuse of discretion means an error in judgment involving a decision that is unreasonable based upon the record; that the appellate court merely may have reached a different result is not enough." *State v. Dixon*, 7th Dist. No. 10 MA 185, 2013–Ohio–2951, ¶ 21.

**{¶20}** The factors to be considered when making a decision on a motion to withdraw a guilty plea are: (1) prejudice to the state; (2) counsel's representation; (3) adequacy of the Crim.R. 11 plea hearing; (4) extent of the plea withdrawal hearing; (5) whether the trial court gave full and fair consideration to the motion; (6) timing; (7) the reasons for the motion; (8) the defendant's understanding of the nature of the charges and the potential sentences; and (9) whether the defendant was perhaps not guilty or has a complete defense to the charge. *State v. Cuthbertson*, 139 Ohio App.3d 895, 898–899, 746 N.E.2d 197 (7th Dist.2000), following *State v. Fish*, 104 Ohio App.3d 236, 661 N.E.2d 788 (1st Dist.1995) No one factor is determinative. *See State v. Morris,* 7th Dist. No. 13MA19, 2014–Ohio–882, ¶ 22. "Rather, it is a weighing process." *State v. Peck*, 7th Dist. No. 14 MA 56, 2015-Ohio-1279, ¶ 24, citing *Cuthbertson*, 139 Ohio App.3d at 899.

**{¶21}** The first factor concerns prejudice to the State, which Lett asserts that the State failed to establish. The State concedes this factor. Thus, this factor weighs in Lett's favor.

**{¶22}** The second factor concerns counsel's representation. While there is little in the record supporting Lett's assertions he was inadequately represented when he entered his plea, it is true that he had no assistance from counsel during the plea withdrawal proceedings. Lett asserted that he wrote to counsel twice asking him to file the motion, but counsel failed to respond. However, counsel stated Lett had never asked him to file the motion and that Lett wanted to argue it pro se. Ultimately, the trial court was in the best position to determine credibility. *See State v. Smith*, 49 Ohio St.2d 261, 361 N.E.2d 1324 (1977), at paragraph two of the syllabus.

**{¶23}** Lett is correct that counsel failed to present any argument at the plea withdrawal hearing. However, as the State points out, we cannot necessarily fault counsel since Lett's arguments centered on ineffectiveness of representation, and counsel should not be expected to argue his representation was ineffective.

**{¶24}** Lett also argues the trial court prevented him from retaining counsel during the plea withdrawal proceedings; however, this is inaccurate. Lett stated during the hearing that his family had engaged in preliminary talks about retaining another attorney. However, Lett conceded that this attorney was merely "on standby" who would represent Lett "*if I was allowed to withdraw the plea.*" Moreover, this issue is more relevant to our analysis of the fourth factor. In sum, this factor weighs in the State's favor.

**{¶25}** The third factor concerns the adequacy of the plea hearing. Although Lett contends that he was not adequately represented during negotiations, there is nothing in the record demonstrating his representation was inadequate. The Criminal Rule 11 colloquy demonstrates that his plea was entered into knowingly, intelligently, and voluntarily. Lett's prior problems with appointed counsel were examined; counsel withdrew his motion to withdraw, and Lett stated that he was able to sufficiently communicate with counsel so as to make a knowing, voluntary and intelligent plea:

> THE COURT: Did you have any - - we had some discussion on [sic] the record earlier about your ability to communicate with your client. I am going to ask Mr. Lett the same thing. Were you able to adequately communicate with him of his rights and advise him of the elements of the various crimes and to properly negotiate for him this morning?
>
> COUNSEL: I think we got along pretty well this morning. He even said I'm growing on him, he said.
>
> THE COURT: You are growing on him?
>
> COUNSEL: Yeah.
>
> THE COURT: Okay. All right. As long as you were able to get

along enough so that Mr. Lett has been properly represented and his interests protected.

COUNSEL: I think at some point she is going to ask you about it, are you satisfied with me as counsel. But for now I would withdraw my motion to withdraw. Are you happy with that?

THE DEFENDANT: I'm fine with it.

THE COURT: Okay. And I need to just make sure that you feel that you were sufficiently able to communicate with Attorney Gentile this morning to make a knowing, intelligent, and voluntary plea here. Are you able to do that, Mr. Lett?

THE DEFENDANT: Yes, Your Honor.

{¶26} The trial court engaged in a colloquy with Lett about the constitutional and nonconstitutional rights Lett would be giving up, and Lett indicated his understanding and his desire to give up those rights and plead guilty. Notably, Lett stated no one threatened or promised him anything in exchange for his guilty pleas. Thus, the trial court accepted Lett's guilty pleas as knowing, voluntary and intelligent. This factor weighs heavily in the State's favor.

{¶27} The fourth factor is the extent of the plea withdrawal hearing. As an initial matter, Lett argues that counsel failed to argue the plea withdrawal motion because he had a motion to withdraw as counsel pending at that time. This is unsupported by the record; counsel withdrew his motion during the plea hearing. It is true that counsel did not present argument during the plea withdrawal hearing, but it was because Lett was alleging counsel's ineffectiveness, explaining: "Well, Your Honor, in light of his motion, I have to proceed very cautiously in this situation. So the most that I can say is, and I think Mark would agree, he wanted to file this pro se. He did not ask me to file this motion, and that's probably all I want to say."

{¶28} Lett then proceeded to argue his plea withdrawal pro se. After asking Lett several specific questions, the trial court permitted him to present any argument of his choosing in support of his motion. Lett never requested the trial court to appoint

new counsel to assist him with the plea withdrawal, instead indicating he wanted to retain another attorney for trial if the trial court permitted him to withdraw his plea.

**{¶29}** Although courts have held that a hearing on a motion to withdraw a guilty plea is a critical stage of litigation to which the criminal defendant's right to the assistance of counsel attaches, *see State v. Emerson*, 5th Dist. No. 14 CA 79, 2015-Ohio-2121, ¶ 25, citing cases, here, Lett chose to argue his motion pro se. Thus, this factor weighs in the State's favor.

**{¶30}** The fifth factor is whether the trial court gave full and fair consideration of the motion. Lett's argument centers on the trial court's failure to appoint substitute counsel to assist him. Again, this goes toward the extent of the plea withdrawal hearing, and the trial court gave Lett ample opportunity to address the court pro se concerning his motion. The trial court's decision to deny the plea withdrawal was well-reasoned, as demonstrated by the hearing transcript. The trial court found it important that Lett indicated he fully understood the rights he would be giving up during the plea hearing, and represented that he was satisfied with counsel at that point, despite prior issues with counsel. The trial court also gave weight to the timing of the motion, finding it was problematic and indicative of a mere "change of heart" by Lett about pleading guilty. Thus, this factor weighs in the State's favor.

**{¶31}** The sixth factor is the timing of the defendant's motion, which Lett filed pro se over a month after he pled guilty, the day before the sentencing hearing was originally set. That hearing was later rescheduled due to the unavailability of the trial court. This court has previously concluded that a motion to withdraw a plea on the day of sentencing is unreasonable. *State v. Calloway*, 7th Dist. No. 10 MA 147, 2011-Ohio-4257, ¶ 45; *State v. Gallagher*, 7th Dist. No. 08 MA 178, 2009-Ohio-2636, ¶ 37. Thus, the State asserts filing the motion the day before the hearing is likewise unreasonable. Lett counters that the timing was reasonable considering he had no assistance from counsel, contending the trial court ignored that he asked counsel twice to file the motion but did not do so.

**{¶32}** During the hearing, Lett did allege he wrote counsel to ask that he file

the motion on his behalf, but received no answer. However, counsel told the trial court that Lett "wanted to file this pro se. He did not ask me to file this motion[.]" The trial court did not "ignore" Lett's statements that he had asked counsel to file the motion. Rather, the trial court made a credibility decision and rejected Lett's assertions. Thus, this factor weighs in the State's favor.

{¶33} The seventh factor concerns the reasons for the motion to withdraw. Lett asserted at the hearing that these include his innocence and lack of adequate representation by counsel. However, there is nothing in the record to support either assertion. Thus, this factor weighs in the State's favor.

{¶34} The eighth factor concerns the nature of the charges and potential sentence. The trial court's Criminal Rule 11 colloquy establishes that Lett understood the charges against him and maximum sentences that he faced on each charge. Further, as the prosecutor pointed out during the plea withdrawal hearing, Lett had a lengthy criminal history and had been through many plea and sentencing hearings in the past and was aware of how the process worked. Thus, this factor weighs in the State's favor.

{¶35} Finally, the ninth factor is whether the defendant has a meritorious defense to the charges. Lett has largely failed to assert any defense to the charges other than to claim that he could not be found guilty of identity theft where the victim was female and he is male. This lacks merit because he was convicted of identity theft under R.C. 2913.49 which provides: "No person shall create, obtain, possess, or use the personal identifying information of any person with the intent to aid or abet another person in violating division (B) of this section." Lett does generally assert he is innocent of the charges, but presents nothing to support his claim of innocence. Thus, this factor weighs in the State's favor.

{¶36} In sum, upon review of all of the factors, most weigh in favor of the State's position and against the plea withdrawal. The only caveat is the extent of the plea withdrawal hearing insofar as Lett argued it pro se. As discussed, counsel asserted during the hearing that Lett wanted to argue the motion pro se. Further, Lett

was given a full opportunity to present arguments of his choosing and never requested that the trial court appoint substitute counsel to assist him with his plea withdrawal motion.   Accordingly, the trial court did not abuse its discretion in overruling Lett's pre-sentence motion to withdraw his plea and Letts first assignment of error is meritless.

### Sentencing Issues/Allied Offenses of Similar Import

{¶37}  In his second of three assignments of error, Lett asserts:

The trial court erred and abused its discretion by failing to merge "allied offenses of similar import," and by erroneously sentencing Appellant separately for said allied offenses.

{¶38}  As an initial matter, a review of the record reveals plain error concerning the sentencing.  Lett pled guilty to 16 counts: counts 1 and 2, trafficking in counterfeit controlled substances; count 9, tampering with records; count 10, misdemeanor receiving stolen property; count 11, felony receiving stolen property; counts 13 and 14, telecommunications fraud; counts 15, 17, 19 and 22, forgery; counts 16, 18, 20, and 23 passing  bad checks; and count 21 identity theft. The trial court accepted Lett's guilty pleas to those counts.

{¶39}  During the sentencing hearing, the trial court failed to pronounce *any* sentence for counts 10 and 20. The sentencing entry states that count 10, misdemeanor receiving stolen property, is to merge with count 11, felony receiving stolen property count, and imposes no sentence for count 20, passing bad checks. After the appeal was perfected in this case, the trial court issued an amended sentencing entry that did pronounce a sentence on count 20.

{¶40}  " 'Crim.R. 43(A) provides that the defendant shall be present at every stage of the trial, including at the imposition of sentence. Because the defendant's presence is required when the court imposes sentence, the trial court errs when its judgment entry of sentence differs from the sentence that it announced at the sentencing hearing in the defendant's presence.' " *State v. Kase*, 187 Ohio App.3d

590, 2010-Ohio-2688, 932 N.E.2d 990, ¶ 30 (7th Dist.), quoting *State v. Kovach*, 7th Dist. No. 08–MA–125, 2009-Ohio-2892, ¶ 28. In other words, "imposition of a sentence in a sentencing judgment entry different than the sentence announced by the court at the time of sentencing violates a defendant's right to be present at sentencing and requires a remand for resentencing[.]" *State v. Williams*, 6th Dist. No. L-11-1084, 2013-Ohio-726, 987 N.E.2d 322, ¶ 49.

**{¶41}** Accordingly, a remand for resentencing is required so that the trial court can impose sentences for counts 10 and 20, during a hearing in Lett's presence.

**{¶42}** Turning to the allied offenses argument, Lett contends without going into much detail or analysis, that some of his convictions should have merged. As discussed above, the sentence was jointly recommended, i.e., the trial court imposed the sentence agreed upon in the plea agreement by Lett and the State. Even where there is an agreed-upon sentence, the defendant is still entitled to plain error review regarding merger. *State v. Tesack*, 7th Dist. No. 15 JE 4, 2015-Ohio-5601,¶ 22, citing *State v. Peck*, 7th Dist. No. 12 MA 205, 2013–Ohio–5526, ¶ 14-15.

**{¶43}** In *Peck* this court explained:

The Ohio Supreme Court has recognized that the failure of the trial court to account for allied offenses, when it is clear from the record that multiple offenses are allied offenses of similar import under R.C. 2941.25, is plain error. *State v. Underwood*, 124 Ohio St.3d 365, 2010–Ohio–1, 922 N.E.2d 923, ¶ 31, citing *State v. Yarbrough*, 104 Ohio St.3d 1, 2004–Ohio–6087, 817 N.E.2d 845, ¶ 96–102. In *Underwood*, the defendant entered a no contest plea to two counts of aggravated theft and two counts of theft. He agreed to serve up to two years in prison. The prosecutor filed a sentencing recommendation with the trial court that noted that two of the charges were allied offenses. The court imposed sentences for all four counts, but ordered them to be served concurrently for a total of two years in prison. The defendant did not object to the sentence, but did file an appeal raising the issue of allied

offenses. The Ohio Supreme Court held that the requirement to merge allied offenses is mandatory, occurs at sentencing, is reviewable on appeal even pursuant to a Crim.R. 11 jointly agreed-upon sentence, and may be reviewed for plain error even when no allied offense objection is raised at trial. *Id.* at ¶ 20, 26, 31.

The *Underwood* case allows for plain error review of possible allied offenses even if the sentence was imposed as part of a Crim.R. 11 plea agreement and was agreed to by the defendant. Prior to Underwood, it was often the practice of this Court and many others to apply the waiver doctrine where Crim.R. 11 agreed-upon sentences were involved, and to deny any further review of allied offenses, even review for plain error. *State v. Logsdon*, 7th Dist. No. 09CO8, 2010–Ohio–2536. The rationale for this holding was that R.C. 2953.08(D)(1) does not allow for review of agreed-upon sentences that are authorized by law. *Underwood*, though, held that a sentence that does not comport with the allied offense statute is not authorized by law and is reviewable for plain error. In light of *Underwood*, it is now possible in many cases involving Crim.R. 11 plea agreements for a defendant to get a plain error review of an allied offense issue. *Underwood*, though, did not change how the plain error rule actually operates. While plain error may be reviewed by an appellate court, plain error must still be demonstrated by the record.

*Peck* at ¶ 14-15.

**{¶44}** Plain error exists when but for the error the outcome would have been different. *State v. Issa*, 93 Ohio St.3d 49, 56, 752 N.E.2d 904 (2001); Crim.R. 52(B).

**{¶45}** The Ohio Supreme Court recently addressed the issue of offenses of similar import requiring merger in *State v. Ruff*, 143 Ohio St.3d 114, 2015–Ohio–995, 34 N.E.3d 892. The Court held that if a defendant's conduct supports multiple offenses, the defendant can be convicted of all of the offenses if any one of the

following is true: (1) the conduct constitutes offenses of dissimilar import, (2) the conduct shows the offenses were committed separately, or (3) the conduct shows the offenses were committed with separate animus. *Id.* at paragraph three of the syllabus, citing R.C. 2941.25(B). Two or more offenses are of dissimilar import within the meaning of R.C. 2941.25(B) "when the defendant's conduct constitutes offenses involving separate victims or if the harm that results from each offense is separate and identifiable." *Id.* at paragraph two of the syllabus.

**{¶46}** Here, there was no allied offenses argument made by counsel at sentencing, and the trial court did not merge any of the offenses during the hearing. In the entry, the trial court then belatedly attempted to merge count 10, misdemeanor receiving stolen property with count 11, felony receiving stolen property. Even if the trial court would have merged those counts during the hearing, it would have been error. The indictment demonstrates those two counts involved two completely different circumstances. Count 10 involved the driver's license of one victim, whereas Count 11 involved boxes of blank checks for three separate victims.

**{¶47}** None of the other offenses should have merged either—they each involved different dates, victims and/or separate conduct.

**{¶48}** Accordingly, based on the above, the trial court did not commit plain error by failing to merge any of the counts. The trial court committed plain error by failing to pronounce sentences for counts 10 and 20 on the record. Thus, while Lett's second assignment of error is meritless, a remand is required to correct this other sentencing error.

### Ineffective Assistance of Counsel

**{¶49}** In his third and final assignment of error, Lett asserts:

Appellant was denied effective assistance of counsel under the Sixth and Fourteenth Amendments to the U.S. Constitution; Section 10, Article I, Ohio Constitution.

**{¶50}** To establish ineffective assistance of counsel, a criminal defendant

must show that counsel's performance was deficient and that the deficient performance prejudiced the defense so as to deprive the defendant of a fair trial. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *State v. Bradley*, 42 Ohio St.3d 136, 142, 538 N.E.2d 373 (1989). To demonstrate prejudice, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland* at 694. The defendant bears the burden of proving counsel's alleged ineffectiveness, since Ohio law presumes a licensed attorney is competent. *State v. Calhoun*, 86 Ohio St.3d 279, 289, 714 N.E.2d 905 (1999). If a defendant cannot show how counsel's errors undermined the reliability of the court's decision, there is no basis for finding that his right to counsel has been violated. *State v. Hancock*, 108 Ohio St.3d 57, 2006–Ohio–160, 840 N.E.2d 1032, ¶ 109; *Strickland* at 693.

**{¶51}** The bulk of Lett's arguments rely on affidavits he has attached to his brief. This court cannot consider them to establish any possible deficiencies by defense counsel, because an "appellant cannot add affidavits to the record on appeal that were not filed below." *State v. Jones*, 7th Dist. No. 10 MA 47, 2011-Ohio-1002, ¶ 11, citing *State v. Ishmail,* 54 Ohio St.2d 402, 406, 377 N.E.2d 500 (1976) (cannot add matter to record that was not in record before the trial court).

**{¶52}** Further, "the entry of a voluntary guilty plea waives ineffective assistance of counsel claims except to the extent that counsel's performance causes the waiver of Defendant's trial rights and the entry of his plea to be less than knowing and voluntary." *State v. Fatula,* 7th Dist. No. 07 BE 24, 2008–Ohio–1544 at ¶ 9, quoting *State v. Kidd*, 2d Dist. No. 03CA43, 2004–Ohio–6784, ¶ 16.  As a corollary, a defendant can bring an ineffective assistance of counsel claim concerning a pre-sentence motion to withdraw his guilty plea. *See Emerson, supra*, 2015-Ohio-2121, ¶ 25.

**{¶53}** As discussed above, the trial court engaged in a proper plea colloquy

with Lett, which demonstrates that the plea was entered into knowingly, intelligently, and voluntarily. The trial court specifically questioned Lett about his prior issues with defense counsel. Counsel withdrew his motion to withdraw from representation, and Lett stated that he was able to sufficiently communicate with counsel so as to make a knowing, voluntary and intelligent plea. The trial court engaged in a colloquy with Lett about the constitutional and nonconstitutional rights Lett would give up by pleading guilty. Lett indicated his full understanding, and his desire to give up those rights and plead guilty. Notably, Lett agreed that no one had threatened him or promised him anything in exchange for his guilty pleas.

**{¶54}** Lett's assertions that trial counsel misled him into believing that he could not call witnesses of his own choosing at trial are unsupported by the record. The trial court informed Lett about his right to compel witnesses to testify at trial and Lett indicated his understanding that by pleading guilty he was waiving that right.

**{¶55}** Counsel was not ineffective during the plea withdrawal proceedings either. Counsel stated, on the record, that Lett did not request that he file the motion and that he wished to argue the motion pro se. As discussed above, counsel should not be expected to, nor rendered ineffective because of his failure to, argue his own ineffectiveness. Further, even had counsel assisted Lett in the motion, the outcome would not have been different; thus, there was no prejudice. Accordingly, Lett's third assignment of error is meritless.

**{¶56}** In conclusion, Lett's assignments of error are meritless, but there is plain error regarding sentencing insofar as the trial court failed to pronounce a sentence—on the record during the sentencing hearing—for counts 10 and 20.

Accordingly, the judgment of the trial court is reversed and the matter is remanded for a limited resentencing.

Donofrio, P. J., concurs.

Waite J., concurs.