[Cite as *State v. Pugh*, 2022-Ohio-3437.]

# IN THE COURT OF APPEALS OF OHIO

## SEVENTH APPELLATE DISTRICT
## BELMONT COUNTY

### STATE OF OHIO,

Plaintiff-Appellee,

v.

### DONNIE DWAYNE PUGH,

Defendant-Appellant.

---

**OPINION AND JUDGMENT ENTRY**
**Case No. 21 BE 0041**

---

Criminal Appeal from the
Court of Common Pleas of Belmont County, Ohio
Case No. 21-CR-0056

**BEFORE:**
Gene Donofrio, Cheryl L. Waite, David A. D'Apolito, Judges.

**JUDGMENT:**
Affirmed.

*Atty. J. Kevin Flanagan*, Belmont County Prosecutor and *Atty. Daniel P. Fry,* Assistant Prosecutor, Belmont County Prosecutor's Office, 52160 National Road, St. Clairsville, Ohio 43950, for Plaintiff-Appellee and

*Atty. Sterling E. Gill, II*, 1544 E. Broad Street, Suite 201, Columbus, Ohio 43203, for Defendant-Appellant.

Dated:
September 29, 2022

**Donofrio, P. J.**

{¶1} Defendant-Appellant, Donnie Pugh, appeals from a Belmont County Common Pleas Court judgment convicting him of felony possession of cocaine following his guilty plea.

{¶2} Appellant and plaintiff-appellee, the State of Ohio, both set out the facts as noted in the Ohio Uniform Incident Report in this case. According to that report, on November 10, 2020, the Belmont County Sheriff's Office received information from the El Paso, Texas Police Department that a suspected package containing drugs had been shipped from El Paso, Texas to an address in Martins Ferry, Ohio via the United Parcel Service (UPS). Consequently, deputies obtained an anticipatory search warrant for the package and for the address it was being shipped to.

{¶3} The package arrived at a UPS office in Belmont County on November 12, 2020. After confirming that the package did in fact contain 77 grams of cocaine, deputies delivered it to the address indicated, rang the doorbell, and watched as appellant opened the door and brought the package inside. Deputies then executed the warrant for the residence and found that appellant had attempted to flush the cocaine down the toilet.

{¶4} On March 4, 2021, a Belmont County Grand Jury indicted appellant on one count of trafficking in cocaine, a first-degree felony in violation of R.C. 2925.03(A)(2)(C)(4)(f); one count of possession of cocaine, a first-degree felony in violation of R.C. 2925.11(A)(C)(4)(e); one count of tampering with evidence, a third-degree felony in violation of R.C. 2921.12(A)(1)(B); and one count of having weapons under a disability, a third-degree felony in violation of R.C. 2923.13(A)(3)(B). Appellant initially entered a not guilty plea.

{¶5} After negotiations with the state, on September 16, 2021, appellant entered a guilty plea to the felony one possession of cocaine charge. In exchange, the state agreed to dismiss the other three charges and stand silent at sentencing. The trial court accepted appellant's plea and set the matter for a sentencing hearing.

{¶6} At the September 27, 2021 sentencing hearing, the trial court sentenced appellant to 10 to 15 years in prison and a five-year driver's license suspension.

Case No. 21 BE 0041

{¶7}     Appellant filed a timely notice of appeal on October 19, 2021.   He now raises three assignments of error.

{¶8}     Appellant's first assignment of error states:

THE TRIAL COURT ABUSED ITS DISCRETION AND COMMITTED PREJUDICIAL ERROR BY SENTENCING APPELLANT TO ALMOST A MAXIMUM TERM OF IMPRISONMENT RELYING ON SPECULATION RATHER THAN FACTS WHEN THERE WAS NO DIRECT EVIDENCE LINKING APPELLANT TO ANY CRIMES BEYOND MERELY HANDLING SUBJECT DRUGS, AND FURTHER ABUSED ITS DISCRETION BY TELLING APPELLANT THAT FOR GOOD BEHAVIOR THE DEPARTMENT OF REHABILITATION AND CORRECTION CAN REDUCE APPELLANT'S SENTENCE BY TEN YEARS, GUILTY PLEA NOTWITHSTANDING.

{¶9}     Appellant asserts the trial court abused its discretion in sentencing him. He contends the court was speculating when it stated it believed appellant "was acting as part of an organized plan" and that he had "an intent to traffic."  (Tr. 17).  Appellant also contends the trial court erred when it told him the Department of Corrections could reduce his sentence by ten years.  (Tr. 20).

{¶10}    First, an abuse of discretion standard of review does not apply here as appellant asserts.  When reviewing a felony sentence, an appellate court must uphold the sentence unless the evidence clearly and convincingly does not support the trial court's findings under the applicable sentencing statutes or the sentence is otherwise contrary to law. *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 1.  This court recently discussed the Ohio Supreme Court's most recent comments on felony sentencing review and *Marcum*:

The Ohio Supreme Court recently addressed review of felony sentences in *State v. Jones*, —— Ohio St.3d ——, 2020-Ohio-6729, —— N.E.3d ——. The *Jones* Court clarified the standard of review for felony sentences that was previously announced in *Marcum*. *Marcum* held "that R.C. 2953.08(G)(2)(a) compels appellate courts to modify or vacate sentences if

they find by clear and convincing evidence that the record does not support any relevant findings under 'division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code.' " *Marcum*, supra, ¶ 22. The *Jones* Court did not overrule *Marcum* but clarified dicta to reflect that "[n]othing in R.C. 2953.08(G)(2) permits an appellate court to independently weigh the evidence in the record and substitute its judgment for that of the trial court concerning the sentence that best reflects compliance with R.C. 2929.11 and 2929.12." *Jones*, supra, at ¶ 42.

*State v. McGarry*, 7th Dist. Belmont No. 19 BE 0049, 2021-Ohio-1281, ¶ 18.

**{¶11}** Appellant's sentence is within the applicable range set out by R.C. 2929.14(A)(1)(a) for a first-degree felony.

**{¶12}** As to the court's comment regarding intent to traffic, it stated that it "could only assume with that quantity [77grams] that there was an intent to traffic" and that it was "highly unlikely that was for his personal use only." (Tr. 17). It also stated, "I'm not finding he was guilty of trafficking. I'm just pointing that out." (Tr. 17). It also commented that it believed appellant was acting as part of an organized activity because he received a shipment of 77 grams of cocaine. (Tr. 17). There were very few actual facts of record in this case due to the fact that appellant entered a guilty plea. But appellant pleaded guilty to possessing 77 grams of cocaine. This was the one fact the court cited to.

**{¶13}** Additionally, the state is correct that appellant misinterpreted what the trial court told him regarding the Department of Corrections being able to reduce his prison term. The court's statements to appellant on this subject were:

First of all, in the event of good behavior, the Department of Corrections can reduce your minimum term by - - ten years - - by between five and 15 percent. If they decide that they want to do that, they have to notify this Court. This Court has to schedule a hearing and can rebut their finding if that's the case.

Now, if you - - if that is granted, fine, then you would be released between five and 15 percent early. If this Court finds that that's not

appropriate, then you are eligible for release after you serve your minimum term. However, as we discussed previously, you are also eligible to receive a bad behavior finding. In other words, if you misbehave while you are in prison, if you continue to be a threat to society, if your security classification is not reduced, if you commit a crime while you're in prison, if you use drugs of abuse while you're in prison - - and you will be subject to random testing while you are there - - then the corrections department can choose to keep you in prison for up to - - as often as they wish, but the most they can ever extend your minimum term is by five years up to the maximum term.

(Tr. 20-21).

{¶14} The trial court stated that the department of corrections could reduce appellant's minimum term, which was ten years, "by between five and 15 percent." (Tr. 20). Appellant misinterprets the court's words here.

{¶15} There is no indication that the evidence clearly and convincingly does not support the trial court's findings under the applicable sentencing statutes or that appellant's sentence is otherwise contrary to law.

{¶16} Accordingly, appellant's first assignment of error is without merit and is overruled.

{¶17} Appellant's second assignment of error states:

APPELLANT WAS DENIED HIS RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL AS GUARANTEED BY THE SIXTH AMENDMENT TO THE CONSTITUTION OF THE UNITED STATES.

{¶18} Here appellant contends his trial counsel was ineffective for failing to present the defense of entrapment. He claims that law enforcement in this case had no idea that he would answer the door at his girlfriend's house when the drugs were delivered. He asserts that by dropping off the package of drugs and banging on the door, law enforcement entrapped any person who would have answered the door.

{¶19} A voluntarily entered guilty plea waives ineffective assistance of counsel claims except claims that counsel's performance caused the waiver of a defendant's trial

rights and the entry of his plea to be less than knowing and voluntary. *State v. Lett*, 7th Dist. Mahoning No. 15 MA 0128, 2016-Ohio-4811, ¶ 52, citing *State v. Fatula*, 7th Dist. Belmont No. 07 BE 24, 2008-Ohio-1544 at ¶ 9 (quoting *State v. Kidd*, 2d Dist. No. 03CA43, 2004-Ohio-6784, ¶ 16). In this case, appellant does not argue that he entered his guilty plea unknowingly or involuntarily. Thus, appellant has waived the issue of his counsel's effectiveness.

**{¶20}** Accordingly, appellant's second assignment of error is without merit and is overruled.

**{¶21}** Appellant's third assignment of error states:

THERE WAS INSUFFICIENT EVIDENCE TO SUSTAIN A CONVICTION FOR FELONY 1 DRUG POSSESSION.

**{¶22}** In his final assignment of error, appellant argues there was insufficient evidence to support his conviction for felony drug possession. He asserts the only evidence against him was that he picked up a package at his girlfriend's house, saw there were drugs inside, panicked, and tried to flush the drugs down the toilet.

**{¶23}** Sufficiency of the evidence is the legal standard applied to determine whether the case may go to the jury or whether the evidence is legally sufficient as a matter of law to support the verdict. *State v. Dickson*, 7th Dist. Columbiana No. 12 CO 50, 2013-Ohio-5293, ¶ 10 citing *State v. Thompkins*, 80 Ohio St.3d 89, 113, 684 N.E.2d 668 (1997).

**{¶24}** But as discussed above, appellant pleaded guilty in this case. There was no trial and no presentation of evidence. In other words, there is nothing for us to review. A guilty plea waives any right to appeal any trial court error, except for errors in the plea itself. *State v. Truax*, 7th Dist. Belmont No. 06 BE 66, 2007-Ohio-4993, ¶ 8, citing *State v. Kelley*, 57 Ohio St.3d 127, 566 N.E.2d 658 (1991), paragraph two of the syllabus.

**{¶25}** Accordingly, appellant's third assignment of error is without merit and is overruled.

**{¶26}** For the reasons stated above, the trial court's judgment is hereby affirmed.

Waite, J., concurs.
D'Apolito, J., concurs.

Case No. 21 BE 0041

[Cite as *State v. Pugh*, 2022-Ohio-3437.]

_____

For the reasons stated in the Opinion rendered herein, the assignments of error are overruled and it is the final judgment and order of this Court that the judgment of the Court of Common Pleas of Belmont County, Ohio, is affirmed.  Costs to be taxed against the Appellant.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure. It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

### NOTICE TO COUNSEL

**This document constitutes a final judgment entry.**