[Cite as *State v. Richard*, 2024-Ohio-4521.]

# IN THE COURT OF APPEALS OF OHIO

SEVENTH APPELLATE DISTRICT
MAHONING COUNTY

STATE OF OHIO,

Plaintiff-Appellee,

v.

SAMUEL A. RICHARD,

Defendant-Appellant.

---

**OPINION AND JUDGMENT ENTRY**
Case No. 23 MA 0133

---

Criminal Appeal from the
Court of Common Pleas of Mahoning County, Ohio
Case No. 2020 CR 00674

**BEFORE:**
Carol Ann Robb, Mark A. Hanni, Katelyn Dickey, Judges.

---

**JUDGMENT:**
Affirmed.

---

*Atty. Gina DeGenova,* Mahoning County Prosecutor*, Atty. Edward A. Czopur,* Assistant Mahoning County Prosecutor, for Plaintiff-Appellee and

*Atty. Mark J. Lavelle*, for Defendant-Appellant.


Dated:  September 11, 2024

**Robb, P.J.**

{¶1}   Defendant-Appellant Samuel A. Richard appeals after entering a guilty plea to murder in the Mahoning County Common Pleas Court.  He contends the court erred and counsel was ineffective based on various arguments about the plea hearing.  For instance, he raises issues with his appellate rights, the meaning of reasonable doubt, and a question on threat or coercion.  For the following reasons, the trial court's decision entering judgment on the guilty plea is affirmed.

## STATEMENT OF THE CASE

{¶2}   On November 12, 2020, Appellant was indicted for aggravated murder, murder, and having a weapon while under disability.  He was also charged with repeat violent offender and firearm specifications.  On October 31, 2022, he entered a negotiated plea resolving this case (20 CR 674) and another pending case (20 CR 698).  In the other case, Appellant was indicted on December 3, 2020, for discharging a firearm on or near prohibited premises and multiple counts of felonious assault with firearm specifications for acts against two victims.

{¶3}   In exchange for Appellant pleading guilty to murder in 20 CR 674 and to one count of felonious assault with a firearm specification in 20 CR 698, the state agreed to dismiss all other charges (including the specifications on the murder charge).  The parties jointly recommended the applicable murder sentence of 15 years to life in prison with a concurrent sentence in the other case (an indefinite sentence of two to three years for felonious assault plus a three-year firearm specification).  A presentence investigation was waived.

{¶4}   The court accepted the guilty plea, allowed the state to dismiss the other charges, and imposed the jointly recommended sentence.  Appellant only appealed the murder conviction (in 20 CR 674).

## ASSIGNMENT OF ERROR ONE

{¶5}   Appellant's first assignment of error provides:

"The Trial Court erred in finding that the Appellant was advised of all of his constitutional rights, that he understood, waived, and rejected them before entering his

Case No. 23 MA 0133

plea and by not providing Defendant-Appellant with an explanation of Reasonable Doubt or all of his appellate rights in the Plea Colloquy."

**{¶6}** "When a defendant enters a plea in a criminal case, the plea must be made knowingly, intelligently, and voluntarily." *State v. Engle*, 74 Ohio St.3d 525, 527 (1996). A guilty plea is governed by Crim.R. 11. Strict compliance with the rule is required when the trial court addresses the constitutional rights contained therein. *State v. Barker*, 2011-Ohio-4130, ¶ 15, citing *State v. Veney*, 2008-Ohio-5200, ¶ 18. Regarding a felony defendant's constitutional rights, the trial court has the duty of:

> Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself.

Crim.R. 11(C)(2)(c).

**{¶7}** Ordinarily, a defendant appealing his conviction must establish both the occurrence of an error and resulting prejudice. *State v. Dangler*, 2020-Ohio-2765, ¶ 13. Prejudice, which must appear from the record, involves an inquiry as to whether the plea would have otherwise been made. *Id.* at ¶ 16, 24. A defendant is only relieved from showing prejudice if the trial court's advisement on a constitutional right failed to strictly comply with Crim.R. 11(C) or the advisement on a non-constitutional right completely failed to comply with the rule. *Id.* at ¶ 14-15, 22-24. Hence, if there was not strict compliance when relaying one of the five constitutional rights, the plea is invalid regardless of whether the defendant can demonstrate he was prejudiced. *Id.* at ¶ 14.

**{¶8}** Still, a word-for-word recitation of the language of the rule on the constitutional rights is not required for strict compliance. *State v. Miller*, 2020-Ohio-1420, ¶ 21-22; *Veney* at ¶ 27. The use of the rule's exact language on each constitutional right is preferred (but not required) and a failure to use exact language from the rule is not grounds for vacating a plea as long as the record shows that the trial court explained the constitutional rights in a way that was reasonably intelligible to that defendant. *Barker* at ¶ 14. The written plea agreement can be considered under the totality of the

circumstances to determine a defendant's understanding. *Id.* at ¶ 25 (even on a constitutional right, "an alleged ambiguity during a Crim.R. 11 oral plea colloquy may be clarified by reference to other portions of the record, including the written plea, in determining whether the defendant was fully informed of the right in question"); *State v. Givens*, 2024-Ohio-2563, ¶ 57 (7th Dist.) "Written plea forms can be reviewed in ascertaining whether a non-constitutional issue was prejudicial.", citing *State v. Griggs*, 2004-Ohio-4415, ¶ 16 (viewing the written plea form and the defendant's oral assurances on his understanding of it).

**{¶9}** During the plea hearing, the trial court addressed the five constitutional rights set forth in Crim.R. 11(C)(2)(c). Appellant said he understood these rights and understood he would be giving up these rights by entering a guilty plea. (Tr. 4-7). Nevertheless, Appellant contends his constitutional rights were violated resulting in a plea that was not entered knowingly, intelligently, or voluntarily.

**{¶10}** First, he contends the court did not strictly comply with Crim.R. 11 when addressing his right to require the prosecution to prove his guilt beyond a reasonable doubt, which is one of the five constitutional rights in this rule. *Veney*, 2008-Ohio-5200, at ¶ 21. However, after ensuring Appellant understood he had the right to a jury trial, the court specifically advised: "You have a right to require the prosecutor if your case went to trial to prove your guilt beyond a reasonable doubt to each and every element of the charges that have been filed against you. Do you understand that?" Appellant answered in the affirmative. (Tr. 4-5).[1] The court's reference to the constitutional right at issue strictly complied with the portion of the rule related to the right to have the state prove guilt beyond a reasonable doubt at trial. *See* Crim.R. 11(C)(2)(c) ("require the state to prove the defendant's guilt beyond a reasonable doubt").

**{¶11}** Appellant's specific complaint on this constitutional right advisement is that the court did not explain what reasonable doubt means. He says the other four constitutional rights are self-explanatory but claims this right requires further explanation. In support, he cites the case where the Ohio Supreme Court first held the right to have the state prove guilt beyond a reasonable doubt was one of the constitutionally protected

---

[1] As the state points out, Appellant's rights were also set forth in a written plea form and he orally advised the court that he had no questions about the form. (Tr. 12).

rights of a pleading defendant with which the trial court's advisement must strictly comply during the plea hearing.  *Veney* at ¶ 21.  The Supreme Court did not require the trial court to define beyond a reasonable doubt.

**{¶12}** "There is no requirement that the trial court advise a defendant of every possible permutation of a constitutional right or to define every term used in the advisement, especially if the defendant expressly indicates his understanding of the advisement."  *State v. Cobbledick*, 2020-Ohio-4744, ¶ 11 (8th Dist.) (where the defendant complained the court failed to define the word subpoena), citing *Miller*, 2020-Ohio-1420 at ¶ 22 (where the Supreme Court found strict compliance in a quoted plea colloquy that did not define the phrase beyond a reasonable doubt).  Accordingly, there is no requirement for the court to define proof beyond a reasonable doubt to a pleading defendant where he indicated he understood the right to require the prosecutor at trial to prove his guilt beyond a reasonable doubt.  *See, e.g., State v. Ingram*, 2010-Ohio-1093, ¶ 11 (7th Dist.) (the court need not explain the constitutional rights listed in the rule where the record shows the defendant understood them, such as answering in the affirmative when the court asked if he understood each right), citing *State v. Ballard*, 66 Ohio St.2d 473, 479 (1981).

**{¶13}** The trial court informed Appellant of his right to have the state prove his guilt at trial beyond a reasonable doubt in a reasonably intelligent manner, essentially employing the language of the rule, and Appellant said he understood this right.  There was no error on this subject.

**{¶14}** Next, Appellant contends his plea was invalid because the court failed to comply with Crim.R. 32 regarding his appellate rights and improperly led him to believe his negotiated plea with a jointly recommended sentence meant he lacked any right to appeal.  After setting forth the aforementioned constitutional rights, the court stated: "Finally, if your case went to trial and if the jury's verdict was guilty, you would have a right to an appeal, and if you could not afford a lawyer, one would be appointed for you to represent you in your appeal.  Do you understand that?"  Appellant indicated he understood.  The court then asked, "Do you understand that by entering a plea of guilty, that you are giving up all those rights?"  (Tr. 7).  This last question would appear to be a

reference to the collection of constitutional rights discussed earlier, along with the appeal of a verdict; rather than a blanket statement that he could not appeal for any reason.

**{¶15}** Then, at the end of the sentencing hearing, the court declared, "as this court has adopted the joint recommendation there is no right to an appeal." (Tr. 19). The court reiterated this statement in the November 1, 2022 sentencing entry as well. As Appellant points out, the inability to appeal a jointly recommended *sentence* does not bar a defendant from appealing the judgment of conviction on grounds that the plea was not knowingly, intelligently, or voluntarily entered (such as due to a trial court's lacking advisement or due to ineffective assistance of counsel with regards to the plea, as raised in the next assignment of error). *See, e.g.,* R.C. 2953.08(D)(1) *(a sentence* is not subject to appellate review if it is authorized by law and has been recommended jointly by the defendant and the prosecution); *State v. Lett*, 2016-Ohio-4811, ¶ 52 (7th Dist.) (a guilty plea waives ineffective assistance of counsel arguments except those related to whether the plea was made knowingly, voluntarily, and intelligently).

**{¶16}** Crim.R. 32(B) deals with the court's obligation to notify the defendant of the right to appeal where applicable. However, it expressly applies "after imposing sentence . . ." Crim.R. 32(B). It does not relate to the plea colloquy.

**{¶17}** In a case where the defendant argued the right to appeal is a part of the constitutional rights advisements to be made during a plea hearing, this court explained, "the Ohio Supreme Court and all twelve Ohio appellate districts have expressly limited the advisements of constitutional rights to the five rights found within Crim.R. 11(C)(2)(c) . . ." *State v. Herbert*, 2019-Ohio-5092, ¶ 11 (7th Dist.). We concluded a failure to discuss the right to appeal at the plea hearing would not invalidate a plea. *Id.* at ¶ 13. Moreover, if the sentencing court committed error under Crim.R. 32(B), the error would be harmless where the defendant filed a timely appeal or was granted a delayed appeal. *Id.* at ¶ 14 (citing a case from each of the 12 appellate districts).

**{¶18}** The trial court's statement during the plea portion of the hearing had no bearing on the voluntariness of the plea. Appellant was in fact waiving the right to appeal an adverse jury verdict by pleading guilty because there would be no such verdict upon the entry of a conviction on the plea. In any event, there is no argument or indication

Appellant would not have pled guilty but for the statement on his appellate rights during the plea portion of the hearing.

**{¶19}** As for the statement at the end of the sentencing hearing and in the sentencing entry on the lack of a right to appeal, this had no influence on the decision to plead guilty. Notably, Appellant's motion for a delayed appeal set forth this same argument on the court's advisement about the lack of appellate rights, and Appellant was granted a delayed appeal by this court's December 20, 2023 judgment entry. Accordingly, any error (as to the sentencing advisement on the lack of a right to appeal) has been remedied and is now harmless. This assignment of error is overruled.

ASSIGNMENT OF ERROR TWO

**{¶20}** Appellant's second assignment of error contends:

"The trial court erred in finding that the Appellant was advised of all of his constitutional rights, that he understood, waived, and rejected them before entering his plea and for not finding that the Defendant-Appellant was provided Ineffective Assistance of Counsel which resulted in a plea that was not knowingly, intelligently, or freely and voluntarily made with full knowledge of all its consequences."

**{¶21}** Appellant reiterates the arguments made under the first assignment of error but in the context of ineffective assistance of counsel. He claims his attorneys should have objected to the court's statements or omissions during the plea hearing in order to ensure Appellant was aware of his rights and suggests his "monosyllabic responses" to the court's inquires did not demonstrate a real understanding of the subjects discussed.

**{¶22}** Where the defendant seeks vacation of his plea on appeal based on ineffective assistance of counsel, the record must demonstrate the defendant pled guilty due to counsel's serious deficiency that prejudiced the results of the proceeding. *State v. Ketterer*, 2006-Ohio-5283, ¶ 81-90, applying *Strickland v. Washington*, 466 U.S. 668, 687 (1984) (both deficient performance and prejudice are required). To establish deficient performance, the defendant must show his attorney made errors so serious that he ceased functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. *Strickland* at 687. The reviewing court's review is highly deferential to counsel's decisions, as there exists a wide range of conduct presumptively falling within the realm of objectively reasonable representation. *Id.* at 687-691. Prejudice in this context entails

a reasonable probability the defendant would have insisted on going to trial rather than pleading guilty if not for counsel's deficient performance. *Ketterer* at ¶ 89. A reasonable probability must be sufficient to undermine confidence in the outcome. *Strickland* at 687, 694.

**{¶23}** As addressed above, the court's failure to define the phrase proof, beyond a reasonable doubt (when explaining how a guilty plea waives the right to have the state prove guilt beyond a reasonable doubt), was not an error and counsel had no duty to prompt the court to define the phrase on the record. There was no indication Appellant lacked an understanding of the term. He said he understood this right. As also set forth above, the court's reference to the plea resulting in waiver of the right to appeal a jury verdict was not incorrect, as there would be no jury verdict to appeal after a guilty plea. And, as we stated in the prior assignment of error, the notification of appellate rights under Crim.R. 32(B) is a sentencing task, not an item required in a plea colloquy.

**{¶24}** Appellant also claims the court failed to ask whether his attorneys answered all of his questions and whether he was threatened or coerced. As the state points out, the trial court did discuss these topics. At the beginning of the plea colloquy, Appellant assured the court he was completely satisfied with the representation and advice of his two attorneys. (Tr. 4). Appellant later answered in the affirmative when the court asked, "You've gone over both of these plea forms with counsel?" Appellant answered no when asked "Do you have any questions about anything contained in these plea forms?" (Tr. 12). The court then inquired: "Have any threats or have any promises been made to you about the resolution of this case?" (Tr. 12-13). Appellant answered, "No." (Tr. 13). There was no reason for the court or Appellant's attorneys to disbelieve his answers at the plea hearing. *See generally Ketterer* at ¶ 78 ("Ketterer agreed that no threats or promises had been made to induce his plea.").

**{¶25}** Lastly, we note the content of the discussions at the pretrial hearing. At this hearing four days before the plea hearing, the parties informed the court about the past and present plea negotiations and even disclosed a defense counteroffer and the state's new offer (involving a rare firearm specification dismissal). In summary, Appellant had two attorneys representing him at the plea hearing. They secured an extremely favorable plea deal resolving two indictments from separate cases after multiple rounds of

negotiation with the state.  Deficient performance is not indicated on the record; nor is prejudice ascertainable from the items raised here.  The arguments made under this assignment of error are without merit.

{¶26} For the foregoing reasons, Appellant's guilty plea is upheld, and the trial court's judgment is affirmed.


Hanni, J., concurs.

Dickey, J., concurs.

_____

For the reasons stated in the Opinion rendered herein, the assignments of error are overruled and it is the final judgment and order of this Court that the judgment of the Court of Common Pleas of Mahoning County, Ohio, is affirmed.  Costs waived.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure. It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

## NOTICE TO COUNSEL

**This document constitutes a final judgment entry.**