[Cite as *State v. Floyd*, 2017-Ohio-4278.]

STATE OF OHIO, BELMONT COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | ) | CASE NO. 15 BE 0061 |
| | ) | |
| PLAINTIFF-APPELLEE | ) | |
| | ) | |
| VS. | ) | OPINION |
| | ) | |
| JOSHUA LEVI FLOYD | ) | |
| | ) | |
| DEFENDANT-APPELLANT | ) | |

CHARACTER OF PROCEEDINGS:      Criminal Appeal from the Court of
Common Pleas of Belmont County, Ohio
Case No. 15 CR 120

JUDGMENT:      Affirmed.

APPEARANCES:

For Plaintiff-Appellee:      Atty. Daniel P. Fry
Belmont County Prosecutor
Atty. J. Kevin Flanagan
Assistant Prosecuting Attorney
147-A West Main Street
St. Clairsville, Ohio 43950
No Brief Filed

For Defendant-Appellant:      Atty. Zachary T. Zilai
P.O. Box 247
St. Clairsville, Ohio 43950

JUDGES:

Hon. Cheryl L. Waite
Hon. Gene Donofrio
Hon. Mary DeGenaro

Dated: June 12, 2017

WAITE, J.

{¶1} Appellant Joshua Levi Floyd appeals his September 22, 2015 Belmont County Common Pleas Court sentencing entry. Appellant argues that the trial court failed to consider the requisite R.C. 2929.13(B)(1)(b) factors when determining his sentence. For the reasons that follow, Appellant's argument is without merit and the judgment of the trial court is affirmed.

Factual and Procedural History

{¶2} Appellant was arrested after he led police on a multi-county, multi-state high-speed chase. On May 7, 2015, a Belmont County Grand Jury indicted Appellant on the following charges: one count of failure to comply with order or signal of a police officer, a felony of the third degree in violation of R.C. 2921.331(B), (C)(5); one count of receiving stolen property, a misdemeanor of the first degree in violation of R.C. 2913.51(A); and one count of driving while under the influence of alcohol or drugs, a misdemeanor of the first degree in violation of R.C. 4511.19(A)(1)(a). He was arraigned on May 14, 2015.

{¶3} On August 26, 2015, Appellant pleaded guilty to an amended complaint. The state dismissed the receiving stolen property and OVI charges and added one count of theft of a credit card, a felony of the fifth degree. Appellant waived Grand Jury proceedings on the additional charge. The state also reduced the failure to comply charge to a felony of the fourth degree. On September 14, 2015, the trial court sentenced Appellant to eighteen months of incarceration for failure to comply and twelve months for theft of a credit card. The trial court ordered the sentences to run consecutively, for an aggregate total of thirty months, and gave

Appellant credit for 178 days served. Appellant does not contest his conviction but timely appeals his sentence.

ASSIGNMENT OF ERROR

THE TRIAL COURT ERRED IN SENTENCING DEFENDANT-APPELLANT TO A PRISON TERM WITHOUT MAKING ANY OF THE NECESSARY FINDINGS CONTAINED IN R.C. §2929.13(B)(1)(b).

{¶4} Appellant argues that a trial court must consider the factors found in R.C. 2929.13(B)(1)(b) when sentencing a defendant who has been convicted of felonies of the fourth and fifth degree. Appellant claims that the trial court failed to make any findings, instead stating that "none of the nine factors of law may be present." (Appellant's Brf., p. 8.) Appellant asserts that there are two remedies for this alleged error available pursuant to R.C. 2953.08: this Court may remand the matter to allow the trial court to make the requisite findings or may simply modify his sentence.

{¶5} R.C. 2929.13(B)(1)(b) states:

The court has discretion to impose a prison term upon an offender who is convicted of or pleads guilty to a felony of the fourth or fifth degree that is not an offense of violence or that is a qualifying assault offense *if any of the following apply*:

(i) The offender committed the offense while having a firearm on or about the offender's person or under the offender's control.

(ii)  If the offense is a qualifying assault offense, the offender caused serious physical harm to another person while committing the offense, and, if the offense is not a qualifying assault offense, the offender caused physical harm to another person while committing the offense.

(iii)  The offender violated a term of the conditions of bond as set by the court.

(iv)  The court made a request of the department of rehabilitation and correction pursuant to division (B)(1)(c) of this section, and the department, within the forty-five-day period specified in that division, did not provide the court with the name of, contact information for, and program details of any community control sanction of at least one year's duration that is available for persons sentenced by the court.

(v)  The offense is a sex offense that is a fourth or fifth degree felony violation of any provision of Chapter 2907. of the Revised Code.

(vi)  In committing the offense, the offender attempted to cause or made an actual threat of physical harm to a person with a deadly weapon.

(vii)  In committing the offense, the offender attempted to cause or made an actual threat of physical harm to a person, and the offender previously was convicted of an offense that caused physical harm to a person.

(viii)   The offender held a public office or position of trust, and the offense related to that office or position; the offender's position obliged the offender to prevent the offense or to bring those committing it to justice; or the offender's professional reputation or position facilitated the offense or was likely to influence the future conduct of others.

(ix)   The offender committed the offense for hire or as part of an organized criminal activity.

(x)  The offender at the time of the offense was serving, or the offender previously had served, a prison term.

(xi)   The offender committed the offense while under a community control sanction, while on probation, or while released from custody on a bond or personal recognizance.  (Emphasis added.)

**{¶6}**   It is apparent from the record that the trial court considered the R.C. 2929.13(B)(1)(b) factors, specifically R.C. 2929.13(B)(1)(b), (xi) which pertains to a defendant's status as a probationer at the time of the offense.  At the sentencing hearing, the trial court stated:

I recognize that these are Felony 4 and 5.  It is this Court's specific finding that though none of the nine factors of law may be present, mere community control sanctions are not consistent with the principles and purposes of the sentencing statutes, as I've outlined regarding his prior record, regarding the facts of this case, regarding the remarkable

situation of -- and you know, the only reason we don't have dead people is the time.

(9/14/15 Sentencing Hrg. Tr., p. 7.)

**{¶7}** The trial court's statement reflects Appellant's prior criminal record and is based on the facts of this case. The record reveals that Appellant was driving at speeds up to 150 miles per hour through small towns and caused a collision. Appellant also has a lengthy criminal record, and was on probation at the time of the incident. Pursuant to R.C. 2929.13(B)(1)(b), (xi), a defendant's status as a probationer provides the trial court with the discretion to sentence a defendant who is convicted of fourth and fifth degree felonies to incarceration. As the record demonstrates that at least one of the R.C. 2929.13(B)(1)(b) factors was met, this trial court had discretion to sentence Appellant to a prison term. There is nothing in the record suggesting that the court abused its discretion. As such, Appellant's argument is without merit and the judgment of the trial court is affirmed.

## Conclusion

**{¶8}** Appellant argues that the trial court failed to consider the requisite R.C. 2929.13(B)(1)(b) factors when determining his sentence. However, the record demonstrates that the trial court did consider the appropriate factors. Accordingly, Appellant's argument is without merit and the judgment of the trial court is affirmed.

Donofrio, J., concurs.

DeGenaro, J., concurs.