[Cite as *State v. McGarry*, 2021-Ohio-1281.]

# IN THE COURT OF APPEALS OF OHIO

## SEVENTH APPELLATE DISTRICT
## BELMONT COUNTY

STATE OF OHIO,

Plaintiff-Appellee,

v.

JOSEPH LEE McGARRY,

Defendant-Appellant.

---

**OPINION AND JUDGMENT ENTRY**
**Case No. 19 BE 0049**

---

Criminal Appeal from the
Court of Common Pleas of Belmont County, Ohio
Case No. 18 CR 108

**BEFORE:**
Cheryl L. Waite, Gene Donofrio, David A. D'Apolito, Judges.

---

**JUDGMENT:**
Affirmed. *Sua sponte* Remanded.

---

*Atty. Dan Fry*, Belmont County Prosecuting Attorney and *Atty. J. Kevin Flanagan*, Chief Assistant Prosecuting Attorney, 147-A West Main Street, St. Clairsville, Ohio 43950, for Plaintiff-Appellee

*Atty. John M. Jurco*, John M. Jurco, LLC, P.O. Box 783, St. Clairsville, Ohio 43950, for Defendant-Appellant.

Dated: March 31, 2021

---

**WAITE, J.**

**{¶1}** Appellant Joseph Lee McGarry appeals an October 21, 2019 Belmont County Common Pleas Court judgment entry convicting him of complicity to commit theft. Appellant challenges only his sentence, arguing that the trial court lacked discretion to impose a prison sentence for a felony of the fifth degree because the court found none of the R.C. 2929.13(B) factors were present. Appellant also argues the court erroneously imposed the maximum prison sentence since the state did not oppose a community control sanction. Appellant's arguments are without merit. However, we *sua sponte* remand this matter to the trial court to conduct a limited resentencing hearing for the sole purpose of imposing postrelease control. The judgment of the trial court is affirmed in all other respects.

## Factual and Procedural History

**{¶2}** On May 23, 2018, Appellant was charged with complicity to commit theft of a motor vehicle, a felony of the fourth degree in violation of R.C. 2923.03 and R.C. 2913.02(A)(1), and complicity to commit theft of an elderly person, a felony of the fifth degree in violation of R.C. 2923.03 and R.C. 2913.02(A)(1).

**{¶3}** Appellant was released on bond. One of the terms of the bond required "Defendant to attend all future appearances." (5/23/19 Bond.) Appellant concedes that he failed to appear at a bindover review hearing scheduled for September 12, 2018. A bench warrant was issued for Appellant's arrest. On September 13, 2019, Appellant was arrested pursuant to the bench warrant.

Case No. 19 BE 0049

**{¶4}** On October 9, 2019, Appellant pleaded guilty to complicity to commit theft, a felony of the fifth degree in violation of R.C. 2923.03(A)(2), R.C. 2913.02 (A)(1), (B)(3). On October 21, 2019, the trial court sentenced Appellant to one year of incarceration with credit for fifty days served. The trial court also imposed a mandatory three-year postrelease control term. It is from this entry that Appellant timely appeals.

**{¶5}** We note that on October 23, 2019, Appellant filed a "Motion to Stay Execution of October 21, 2019 Order," which the trial court denied. On January 2, 2020, the trial court filed a judgment entry acknowledging receipt of "Ohio Department of Rehabilitation & Correction Transitional Control qualification for the Defendant," but the court asserted that it had no jurisdiction to respond because Appellant had filed an appeal.

**{¶6}** On January 21, 2020, we granted Appellant's motion for stay of his sentence and conditioned the stay on payment of bond.

ASSIGNMENT OF ERROR

THE TRIAL COURT ERRED IN SENTENCING THE APPELLANT TO THE MAXIMUM SENTENCE.

**{¶7}** While Appellant concedes that he absconded and failed to appear at a hearing, he argues that the trial court never determined that this failure to appear constituted a bond violation. Because there was no official judicial determination that he violated his bond, Appellant argues that the trial court did not have discretion to sentence him to prison for a felony of the fifth degree. Appellant also contends the court erroneously imposed the maximum incarceration term because the state did not oppose a community control sanction and Appellant cooperated with the investigation.

{¶8} In response, the state argues that Appellant's appearance at all court proceedings was a condition of his bond. Because he failed to appear at a hearing and absconded for a year, the state argues he violated a term of his bond. As such, the trial court did have the discretion to impose a prison sentence pursuant to R.C. 2929.13(B)(1)(b).

{¶9} At the sentencing hearing, the trial court stated: "This Court finds specifically – it's this Court's specific finding that though none of the nine factors of R.C. 2929.13 may be present, mere community control sanctions are not consistent with the principles and purposes of the sentencing statutes." (10/21/19 Sentencing Hrg., 3-4.)

{¶10} Pursuant to R.C. 2929.13(B)(1)(b):

(b) The court has discretion to impose a prison term upon an offender who is convicted of or pleads guilty to a felony of the fourth or fifth degree that is not an offense of violence or that is a qualifying assault offense if any of the following apply:

(i) The offender committed the offense while having a firearm on or about the offender's person or under the offender's control.

(ii) If the offense is a qualifying assault offense, the offender caused serious physical harm to another person while committing the offense, and, if the offense is not a qualifying assault offense, the offender caused physical harm to another person while committing the offense.

(iii)  The offender violated a term of the conditions of bond as set by the court.

(iv)  The offense is a sex offense that is a fourth or fifth degree felony violation of any provision of Chapter 2907. of the Revised Code.

(v)  In committing the offense, the offender attempted to cause or made an actual threat of physical harm to a person with a deadly weapon.

(vi)  In committing the offense, the offender attempted to cause or made an actual threat of physical harm to a person, and the offender previously was convicted of an offense that caused physical harm to a person.

(vii)  The offender held a public office or position of trust, and the offense related to that office or position; the offender's position obliged the offender to prevent the offense or to bring those committing it to justice; or the offender's professional reputation or position facilitated the offense or was likely to influence the future conduct of others.

(viii)  The offender committed the offense for hire or as part of an organized criminal activity.

(ix)  The offender at the time of the offense was serving, or the offender previously had served, a prison term.

(x) The offender committed the offense while under a community control sanction, while on probation, or while released from custody on a bond or personal recognizance.

{¶11} The same issue was presented to this Court in *State v. Floyd*, 7th Dist. Belmont No. 15 BE 0061, 2017-Ohio-4278. In *Floyd*, the trial court made a virtually identical statement as the court in the instant matter:

I recognize that these are Felony 4 and 5. It is this Court's specific finding that though none of the nine factors of law may be present, mere community control sanctions are not consistent with the principles and purposes of the sentencing statutes, as I've outlined regarding his prior record, regarding the facts of this case, regarding the remarkable situation of -- and you know, the only reason we don't have dead people is the time.

*Floyd, supra,* at ¶ 6. As in the instant case, the appellant in *Floyd* argued that the trial court lacked discretion to impose a prison sentence once the court found that none of the R.C. 2929.13(B) factors applied. We held that it was readily apparent from the record at least one of the factors was met, thus the court maintained the discretion to impose a prison sentence. *Id.* at ¶ 7.

{¶12} At issue, here, is whether R.C. 2929.13(B)(1)(b)(iii) provided the trial court with the discretion to impose a prison sentence. That section allows a trial court to impose a prison sentence if the offender violated a condition of bond as set by the court.

{¶13} While this matter was pending in the trial court Appellant was released on May 23, 2018. A term of his bond required Appellant "to attend all future appearances."

(5/23/19 Bond)  Appellant concedes that he failed to appear at a bind over review hearing scheduled for September 12, 2018, and absconded for one year before he was arrested on a bench warrant.

**{¶14}** As Appellant absconded and failed to appear at a scheduled hearing, a violation of his bond, the trial court had discretion to impose a prison sentence pursuant to R.C. 2929.13(B)(1)(b)(iii).  Appellant argues that his failure to appear should not qualify under R.C. 2929.13(B)(1)(b)(iii) because the trial court did not make a finding that his failure to appear violated a term of his bond.  However, "a trial court is not required to make specific findings when imposing a prison sentence pursuant to R.C. 2929.13(B)(1)(b)."  *State v. Benson*, 7th Dist. Mahoning No. 18 MA 0042, 2019-Ohio-4635, ¶ 13, citing *Floyd, supra*.

**{¶15}** Even so, while not addressed by the parties, the trial court scheduled a "failure to appear hearing" for September 23, 2019.  The court filed a judgment entry confirming that the hearing was held as scheduled.  The parties do not explain what occurred at this hearing and no transcripts of it were filed for the appellate record.

**{¶16}** It is axiomatic that an appellant has the duty to provide transcripts.  *State v. Dumas*, 7th Dist. Mahoning No. 06 MA 36, 2008-Ohio-872, ¶ 14, citing *Natl. City Bank v. Beyer*, 89 Ohio St.3d 152, 160, 729 N.E.2d 711 (2000); *State v. Johnson*, 9th Dist. Lorain No. 02CA008193, 2003-Ohio-6814, ¶ 8; App.R. 9(B).  Further, "[w]hen a defendant fails to provide a complete and proper transcript, a reviewing court will presume regularity of the proceedings in the trial court[.]"  *Dumas* at ¶ 14, citing *Johnson* at ¶ 9.  As such, we presume that findings related to Appellant's failure to appear were made at that hearing.

**{¶17}** Although the trial court erroneously stated that none of the R.C. 2929.13(B) factors were present, it is readily apparent from the record that Appellant violated a bond condition. This violation provides the grounds for a term of incarceration pursuant to R.C. 2929.13(B)(1)(b)(iii).

**{¶18}** Appellant also challenges the court's imposition of the maximum sentence. "An appellate court is permitted to review a felony sentence to determine if it is contrary to law." *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 1. The Ohio Supreme Court recently addressed review of felony sentences in *State v. Jones,* -- Ohio St.3d --, 2020-Ohio-6729, -- N.E.3d --. The *Jones* Court clarified the standard of review for felony sentences that was previously announced in *Marcum*. *Marcum* held "that R.C. 2953.08(G)(2)(a) compels appellate courts to modify or vacate sentences if they find by clear and convincing evidence that the record does not support any relevant findings under 'division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code.' " *Marcum, supra*, ¶ 22. The *Jones* Court did not overrule *Marcum* but clarified dicta to reflect that "[n]othing in R.C. 2953.08(G)(2) permits an appellate court to independently weigh the evidence in the record and substitute its judgment for that of the trial court concerning the sentence that best reflects compliance with R.C. 2929.11 and 2929.12." *Jones, supra,* at ¶ 42.

**{¶19}** Although Appellant's argument is not entirely clear, he does raise issues regarding the R.C. 2911.11 and .12 factors. In accordance with *Jones,* an appellate court is not permitted to independently weigh the evidence and substitute its judgment for that of the trial court regarding R.C. 2929.11 and R.C. 2929.12. *Id.* at ¶ 12. To the extent that

Case No. 19 BE 0049

Appellant appears to raise such a challenge, his argument is not reviewable by this Court. We note, however, that the trial court expressly stated that it considered both R.C. 2929.11 and R.C. 2929.12.

**{¶20}** Here, while Appellant was sentenced to the maximum penalty, his sentence is within the statutory range. The trial court expressly considered the relevant sentencing statutes as noted within its sentencing entry. The court specifically found that community control sanctions were inconsistent with the principles and purposes of the sentencing statutes.

**{¶21}** At the sentencing hearing, the trial court emphasized Appellant's criminal record, stating:

This Court has reviewed Ohio Revised Code 2929.11, 2929.12, the overriding purposes, principles and factors of sentencing. This Court has reviewed the entire file in this matter. This Court has reviewed the EOCC report. This Court has reviewed the pretrial sentencing -- excuse me, the Presentencing Report of the Probation Department of Belmont County, Ohio.

This Court does have a difficulty with the proposed resolution. If you go through the priors -- and all of these are not convictions, let me say at the outset -- but let me about [sic] through them. Disorderly conduct; domestic violence; assault; theft of identity; theft; theft; criminal damaging; disturbing the peace; complicity to theft; possessing drug abuse instruments; misuse

of credit cards; theft; drug abuse; underage purchase; possession; consumption; drug abuse; attempt at possession of drug paraphernalia.

Where does this end? I mean, doesn't it have to end eventually?

(10/21/19 Sentencing Hrg., pp. 2-3.)

**{¶22}** Appellant correctly points out that the state did not oppose community control sanctions. However, at the plea hearing, the trial court advised: "[d]o you understand that any recommendations from the State of Ohio and/or defense counsel as to sentencing or any other matter is extremely influential upon me, but not binding on me?" (10/7/19 Plea Hrg., pp. 6-7.) Thus, Appellant was placed on notice that the trial court was not bound by the parties' sentencing recommendation.

**{¶23}** Pursuant to *Marcum,* the trial court did not err in imposing the maximum prison term allowed by law. Accordingly, Appellant's sole assignment of error is without merit and is overruled.

**{¶24}** However, in our review of Appellant's sentence it is readily apparent that the trial court improperly imposed a mandatory three-year term of postrelease control. At the sentencing hearing, the trial court "[a]s part of this sentence, the offender **shall** also be subject to a further period of supervision under post release control for up to three years." (emphasis added) (10/21/19 Sentencing Hrg., p. 4.) In the court's sentencing entry, it stated: "**offender shall be subject to a further period of supervision under Post-Release Control for up to Three (3) Years**." (10/21/19 J.E.) The court's use of the word "shall" at the hearing and within its sentencing entry is indicative of a mandatory term.

Case No. 19 BE 0049

{¶25} Pursuant to R.C. 2967.28(C),

Any sentence to a prison term for a felony of the third, fourth, or fifth degree that is not subject to division (B)(1) or (3) of this section shall include a requirement that the offender be subject to a period of post-release control of up to three years after the offender's release from imprisonment, if the parole board, in accordance with division (D) of this section, determines that a period of post-release control is necessary for that offender.

{¶26} Because Appellant was convicted of a fifth-degree felony, he is subject to a discretionary postrelease control term, not mandatory.

{¶27} As previously noted, we granted Appellant a stay of execution of his sentence, thus he has not completed this sentence. The remedy for this error where a defendant has not completed his sentence is to hold a limited resentencing hearing, for the sole purpose of imposing postrelease control. See *State v. Barnette,* 7th Dist. Mahoning No. 19 MA 0114, 2020-Ohio-6817; R.C. 2929.191(C).

{¶28} As such, we *sua sponte* remand the matter for the trial court to hold a limited resentencing hearing for the sole purpose of properly imposing postrelease control.

### Conclusion

{¶29} Appellant argues that the trial court lacked discretion to impose a prison sentence for a felony of the fifth degree because none of the R.C. 2929.13(B) factors were present. Appellant also contends that the trial court erroneously imposed the maximum sentence. Pursuant to R.C. 2929.13(B)(1)(b)(iii), Appellant's arguments are without merit. However, we *sua sponte* remand the matter for a limited resentencing

Case No. 19 BE 0049

hearing for the sole purpose of imposing postrelease control.  The judgment of the trial court is affirmed in all other respects.

Donofrio, P.J., concurs.

D'Apolito, J., concurs.

---

For the reasons stated in the Opinion rendered herein, the assignment of error is overruled and it is the final judgment and order of this Court that the judgment of the Court of Common Pleas of Belmont County, Ohio, is affirmed. However, we *sua sponte* remand this matter to the trial court for a limited resentencing hearing for the sole purpose of imposing postrelease control. Costs to be taxed against the Appellee.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure. It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

## NOTICE TO COUNSEL

**This document constitutes a final judgment entry.**