[Cite as *State v. Riffle*, 2021-Ohio-2339.]

# IN THE COURT OF APPEALS OF OHIO

SEVENTH APPELLATE DISTRICT
BELMONT COUNTY

STATE OF OHIO,

Plaintiff-Appellee,

v.

JEFFREY SCOTT RIFFLE,

Defendant-Appellant.

---

**OPINION AND JUDGMENT ENTRY**
**Case No. 19 BE 0035**

---

Criminal Appeal from the
Court of Common Pleas of Belmont County, Ohio
Case No. 18 CR 254

**BEFORE:**
Gene Donofrio, Cheryl L. Waite, David A. D'Apolito, Judges.

---

**JUDGMENT:**
Affirmed

*Atty. J. Flanagan*, Courthouse Annex 1, 147-A West Main Street, St. Clairsville, Ohio 43950, for Plaintiff-Appellee and

*Atty. Wesley Johnston*, P.O. Box 6041, Youngstown, Ohio, Defendant-Appellant.

Dated:
June 25, 2021

**Donofrio, J.**

{¶1} Defendant-appellant, Jeffrey Riffle, appeals from a Belmont County Common Pleas Court judgment sentencing him on his convictions for gross sexual imposition and attempted tampering with evidence.

{¶2} On November 8, 2018, a grand jury indicted appellant on one count of rape, a first-degree felony in violation of R.C. 2907.02(A)(2). Appellant entered a not guilty plea. Appellant was later charged by bill of information with attempted tampering with evidence, a fourth-degree felony in violation R.C. 2923.02(A)(1) and R.C. 2921.12(A)(1).

{¶3} After plea negotiations with plaintiff-appellee, the State of Ohio, appellant entered a guilty plea to an amended charge of one count of gross sexual imposition, a fourth degree felony, and the attempted tampering with evidence charge.

{¶4} The trial court subsequently sentenced appellant to maximum 18-month prison terms to be served consecutively for a total sentence of 36 months. Appellant filed a timely notice of appeal on July 22, 2019.

{¶5} Appellant raises a single assignment of error that states:

> RIFFLE'S SENTENCING IS EXCESSIVE, CONTRARY TO LAW AND VIOLATES DUE PROCESS BECAUSE THE TRIAL COURT IMPOSED MULTIPLE MAXIMUM CONSECUTIVE TERMS, WHICH ARE NOT SUPPORTED BY THE RECORD, AND DID SO WITHOUT MAKING THE REQUISITE STATUTORY FILINGS.

{¶6} Appellant argues that although the trial court stated the statutory requirements, the record does not clearly and convincingly support a finding necessary to support maximum and consecutive sentences.

{¶7} When reviewing a felony sentence, an appellate court must uphold the sentence unless the evidence clearly and convincingly does not support the trial court's findings under the applicable sentencing statutes or the sentence is otherwise contrary to law. *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231 ¶ 1. This court recently discussed the Ohio Supreme Court's most recent comments on felony sentencing review and *Marcum*:

> The Ohio Supreme Court recently addressed review of felony sentences in *State v. Jones*, -- Ohio St.3d --, 2020-Ohio-6729, -- N.E.3d --. The *Jones* Court clarified the standard of review for felony sentences that was previously announced in *Marcum*. *Marcum* held "that R.C. 2953.08(G)(2)(a) compels appellate courts to modify or vacate sentences if they find by clear and convincing evidence that the record does not support any relevant findings under 'division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code.' " *Marcum*, supra, ¶ 22. The *Jones* Court did not overrule *Marcum* but clarified dicta to reflect that "[n]othing in R.C. 2953.08(G)(2) permits an appellate court to independently weigh the evidence in the record and substitute its judgment for that of the trial court concerning the sentence that best reflects compliance with R.C. 2929.11 and 2929.12." *Jones*, supra, at ¶ 42.

*State v. McGarry*, 7th Dist. Belmont No. 19 BE 0049, 2021-Ohio-1281, ¶ 18.

{¶8} In sentencing a felony offender, the trial court must consider the seriousness and recidivism factors set out in R.C. 2929.12(B)(C)(D)(E). In sentencing an offender to a maximum sentence, however, the court is not required to make any specific findings before imposing a maximum sentence. *State v. Riley*, 7th Dist. Mahoning No. 13 MA 180, 2015-Ohio-94, ¶ 34.

{¶9} Before imposing sentence, the trial court explained that it considered that the victim suffered serious physical and psychological harm and that appellant's relationship with the victim facilitated the offense. (Sentencing Tr. 5). These factors both demonstrate that appellant's conduct was more serious than that normally constituting

the offense. R.C. 2929.12(B)(2)(6). The court also found that appellant had previous misdemeanor convictions for domestic violence, violation of a protection order, domestic battery, and theft and did not respond favorably to his prior sanctions. (Sentencing Tr. 5). It further found that appellant showed no genuine remorse. (Sentencing Tr. 5-6). Appellant's history of criminal convictions, failure to respond favorably to sanctions, and lack of remorse all indicate that he is likely to commit future crimes. R.C. 2929.12(D)(2)(3)(5). The trial court also stated that it tried to find some mitigating statutory factors but could not. (Sentencing Tr. 6). It did note, however, that appellant did not have any prior felony convictions and that he entered a guilty plea in this case. (Sentencing Tr. 6).

{¶10} The trial court demonstrated that it considered all of the statutory sentencing factors before determining appellant's maximum sentence. There is no clear and convincing evidence that the record does not support the trial court's findings.

{¶11} R.C. 2929.14(C)(4) requires a trial court to make specific findings when imposing consecutive sentences:

> (4) If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:

> (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

> (b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single

prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

**{¶12}** It has been held that although the trial court is not required to recite the statute verbatim or utter "magic" or "talismanic" words, there must be an indication that the court found (1) that consecutive sentences are necessary to protect the public from future crime or to punish the offender, (2) that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger posed to the public, and (3) one of the findings described in R.C. 2929.14(C)(4)(a), (b), or (c). *State v. Bellard*, 7th Dist. Mahoning No. 12-MA-97, 2013-Ohio-2956, ¶ 17. The court need not give its reasons for making those findings however. *State v. Power*, 7th Dist. Columbiana No. 12 CO 14, 2013-Ohio-4254, ¶ 38. A trial court must make the consecutive sentence findings at the sentencing hearing and must additionally incorporate the findings into the sentencing entry. *State v. Williams*, 7th Dist. Mahoning No. 13-MA-125, 2015-Ohio-4100, ¶ 33-34, citing *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, ¶ 37.

**{¶13}** The trial court made each of the required statutory findings on the record. It found that consecutive prison terms were necessary to protect the public from future crime and to punish appellant. (Sentencing Tr. 6-7). It found that consecutive prison terms were not disproportionate to appellant's conduct and to the danger that he posed to the public. (Sentencing Tr. 7). And it found that appellant's offenses were committed as a course of conduct and that the potential harm was so great and unusual that a single prison term would not adequately reflect the seriousness of what appellant did. (Sentencing Tr. 7). Thus, the trial court made each of the findings required for imposing consecutive sentences. Additionally, the trial court included each of the statutory consecutive sentencing findings in the sentencing judgment entry.

**{¶14}** In conclusion, the findings of the court parallel the statutory requirements for both maximum and consecutive sentences. Appellant's sentence is not contrary to

law and clear and convincing evidence does not exist to demonstrate that the record does not support the trial court's findings.

{¶15} For the reasons stated above, the trial court's judgement is hereby affirmed.

Waite, J., concurs.

D'Apolito, J., concurs.

_____

For the reasons stated in the Opinion rendered herein, the assignment of error is overruled and it is the final judgment and order of this Court that the judgment of the Court of Common Pleas of Belmont County, Ohio, is affirmed. Costs to be waived.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure. It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

**<u>NOTICE TO COUNSEL</u>**

**This document constitutes a final judgment entry.**

Case No. 19 BE 0035