[Cite as *State v. Shackleford*, 2022-Ohio-1049.]

# IN THE COURT OF APPEALS OF OHIO

## SEVENTH APPELLATE DISTRICT
## BELMONT COUNTY

STATE OF OHIO,

Plaintiff-Appellee,

v.

ERNEST PAUL SHACKLEFORD,

Defendant-Appellant.

---

**OPINION AND JUDGMENT ENTRY**
**Case No. 20 BE 0034**

---

Criminal Appeal from the
Court of Common Pleas of Belmont County, Ohio
Case No. 20-CR-0126

**BEFORE:**
Gene Donofrio, Cheryl L. Waite, Carol Ann Robb, Judges.

---

**JUDGMENT:**
Affirmed

---

*Atty. J. Kevin Flanagan*, Prosecutor and *Atty. Daniel P. Fry,* Assistant Prosecutor, 52160 National Road, St. Clairsville, Ohio 43950, for Plaintiff-Appellee and

*Atty. J. Michael Salmon*, Salmon Law Office, LLC, 1144 South Detroit Avenue #140966, Toledo, Ohio 43614, for Defendant-Appellant.

Dated:
March 25, 2022

**Donofrio, J.**

{¶1} Defendant-Appellant, Ernest Shackleford, appeals from a Belmont County Common Pleas Court judgment sentencing him to eight months in prison following his guilty plea to aggravated possession of a controlled substance, and ordering him to serve the sentence consecutively to a previous sentence.

{¶2} A Belmont County Grand Jury indicted appellant on June 5, 2020 on one count of aggravated possession of a controlled substance, a fifth-degree felony in violation of R.C. 2925.11(A)(C)(1)(a). After initially pleading not guilty, appellant entered a guilty plea on September 14, 2020.

{¶3} The trial court subsequently held a sentencing hearing. At that time, appellant was already serving a sentence for an unrelated conviction. The court sentenced appellant to eight months in prison. It ordered that appellant serve this sentence consecutively to the prison sentence he was already serving on the unrelated conviction.

{¶4} Appellant filed a timely notice of appeal on November 6, 2020. He now raises two assignments of error.

{¶5} Appellant's first assignment of error states:

TRIAL COURT ERRED IN IMPOSING CONSECUTIVE SENTENCES BECAUSE THE TRIAL COURT DID NOT PROPERLY CONSIDER THE FACTORS IN R.C. 2929.14(C)(4).

{¶6} Appellant argues the imposition of consecutive sentences is contrary to law if the trial court fails to make the findings mandated by R.C. 2929.14(C)(4). He contends that in this case the trial court failed to make the required findings under R.C. 2929.14(C)(4). Appellant argues that the trial court did not comply with all three factors needed.

**{¶7}**     When reviewing a felony sentence, an appellate court must uphold the sentence unless the evidence clearly and convincingly does not support the trial court's findings under the applicable sentencing statutes or the sentence is otherwise contrary to law. *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 1. This court recently discussed the Ohio Supreme Court's most recent comments on felony sentencing review and *Marcum*:

> The Ohio Supreme Court recently addressed review of felony sentences in *State v. Jones*, —— Ohio St.3d ——, 2020-Ohio-6729, —— N.E.3d ——. The *Jones* Court clarified the standard of review for felony sentences that was previously announced in *Marcum*. *Marcum* held "that R.C. 2953.08(G)(2)(a) compels appellate courts to modify or vacate sentences if they find by clear and convincing evidence that the record does not support any relevant findings under 'division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code.' " *Marcum*, supra, ¶ 22. The *Jones* Court did not overrule *Marcum* but clarified dicta to reflect that "[n]othing in R.C. 2953.08(G)(2) permits an appellate court to independently weigh the evidence in the record and substitute its judgment for that of the trial court concerning the sentence that best reflects compliance with R.C. 2929.11 and 2929.12." *Jones*, supra, at ¶ 42.

*State v. McGarry*, 7th Dist. Belmont No. 19 BE 0049, 2021-Ohio-1281, ¶ 18.

**{¶8}**     R.C. 2929.14(C)(4) requires a trial court to make specific findings when imposing consecutive sentences:

> (4) If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness

of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:

(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶9}  It has been held that although the trial court is not required to recite the statute verbatim or utter "magic" or "talismanic" words, there must be an indication that the court found (1) that consecutive sentences are necessary to protect the public from future crime or to punish the offender, (2) that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger posed to the public, and (3) one of the findings described in R.C. 2929.14(C)(4)(a), (b), or (c). *State v. Bellard*, 7th Dist. Mahoning No. 12-MA-97, 2013-Ohio-2956, ¶ 17.  The court need not give its reasons for making those findings however.  *State v. Power*, 7th Dist. Columbiana No. 12 CO 14, 2013-Ohio-4254, ¶ 38. A trial court must make the consecutive sentence findings at the sentencing hearing and must additionally incorporate the findings into the sentencing entry. *State v. Williams*, 7th Dist. Mahoning No. 13-MA-125, 2015-Ohio-4100, ¶ 33-34, citing *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, ¶ 37.

{¶10}  In this case, at the sentencing hearing, the trial court found that a prison sentence was "needed to protect the public from [appellant]." (Sentencing Tr. 14).  Shortly

thereafter the court found that this crime occurred while appellant was in prison and he created a risk of harm to himself, the other inmates, and the corrections staff and anything other than a consecutive sentence would demean the seriousness of his conduct. (Sentencing Tr. 14). The court also emphasized appellant's extensive felony history including convictions for two counts of illegal use of a minor in nudity-oriented material, four counts of burglary, two counts of theft, forgery, drug possession, possession of a weapon, and aggravated assault with a deadly weapon. (Sentencing Tr. 10-11). The court also listed appellant's numerous misdemeanor convictions. (Sentencing Tr. 11).

{¶11} Even though the court did not mirror R.C. 2929.14(C)(4)'s language in imposing consecutive sentences, the court did comply with the statute. The court found that consecutive sentences were necessary in this case. (Sentencing Tr. 14). As to the first factor, the court found that the public needed to be protected from appellant. (Sentencing Tr. 14). Specifically referring to consecutive sentences, the court referred back to its previous finding emphasizing "the risk of harm that I've cited to you and others" as a basis for consecutive sentences. (Sentencing Tr. 14). As to the second factor, the court found that because this crime occurred while appellant was in prison, he created a risk of harm to the entire corrections staff and prison population so that "anything other than a consecutive sentence would" demean the seriousness of appellant's conduct. (Sentencing Tr. 11-12, 14). And as to the final factor, the trial court listed appellant's eleven felony convictions in addition to his numerous misdemeanor convictions. (Sentencing Tr. 10-11).

{¶12} In sum, although the trial court's findings did not mirror the exact language set out in R.C. 2929.14(C), the court made findings that complied with the statute. Additionally, the court reiterated the statutory findings in its judgment entry.

{¶13} Accordingly, appellant's first assignment of error is without merit and is overruled.

{¶14} Appellant's second assignment of error states:

> TRIAL COURT ERRED IN DENYING DEFENDANT HIS DUE PROCESS RIGHTS BY NOT GIVING DEFENDANT ANY NOTICE OF THE POTENTIAL CONFLICT OF INTEREST OF THE TRIAL JUDGE HAVING

A SON WHO WORKS AS A PROSECUTOR IN THE BELMONT'S [sic.] COUNTY PROSECUTOR'S OFFICE.

{¶15} Appellant argues that the trial court judge should have given him notice of a potential conflict of interest in the case because the judge's son works in the prosecutor's office. Appellant references Ohio Code of Judicial Conduct 1.2 to say that all judges need act with independence, integrity, and impartiality, and alleges that the trial court judge here did not do so by failing to inform appellant of the place of his son's employment.

{¶16} There is no basis here for appellant's claim. Appellant admits in his brief that there are no facts to support any type of bias by the judge in this case. Moreover, appellant entered a guilty plea. So there could not have been any bias in convicting him.

{¶17} Accordingly, appellant's second assignment of error is without merit and is overruled.

{¶18} For the reasons stated above, the trial court's judgment is hereby affirmed.

Waite, J., concurs.

Robb, J., concurs.

Case No. 20 BE 0034

_____

For the reasons stated in the Opinion rendered herein, the assignments of error are overruled and it is the final judgment and order of this Court that the judgment of the Court of Common Pleas of Belmont County, Ohio, is affirmed.  Costs to be waived.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure. It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

## NOTICE TO COUNSEL

**This document constitutes a final judgment entry.**