[Cite as *State v. Faiola*, 2022-Ohio-1126.]

# IN THE COURT OF APPEALS OF OHIO

## SEVENTH APPELLATE DISTRICT
## MAHONING COUNTY

STATE OF OHIO,

Plaintiff-Appellee,

v.

MICHAEL FAIOLA,

Defendant-Appellant.

---

**OPINION AND JUDGMENT ENTRY**
**Case No. 21 MA 0094**

---

Criminal Appeal from the
Court of Common Pleas of Mahoning County, Ohio
Case No. 21 CR 120

**BEFORE:**
Carol Ann Robb, Cheryl L. Waite, David A. D'Apolito, Judges.

---

**JUDGMENT:**
Affirmed.

---

*Atty. Paul J. Gains,* Mahoning County Prosecutor*, Atty. Edward A. Czopur,* Assistant Mahoning County Prosecutor*,* Mahoning County Prosecutor's Office, 21 West Boardman Street, 6th Floor, Youngstown, Ohio 44503, for Plaintiff-Appellee*,* and

*Atty. Christopher P. Lacich*, Roth, Blair, Roberts, Strasfeld & Lodge, 100 Federal St., East, Suite 600, Youngstown, Ohio 44503, for Defendant-Appellant.

Dated:  March 31, 2022

<hr>

**Robb, J.**

{¶1}  Defendant-Appellant Michael Albert Faiola, Jr., appeals from the prison sentence imposed by the Mahoning County Common Pleas after he pled guilty to two offenses.  Appellant believes the court should have imposed community control because his offenses were not serious and claims the sentence was clearly and convincingly contrary to law.  For the following reasons, the trial court's judgment is affirmed.

STATEMENT OF THE CASE

{¶2}  On March 25, 2021, Appellant was indicted on five offenses arising out of an incident occurring on February 19, 2021 at Walmart.  He pled guilty to count one, a charge related to his possession of a dangerous drug (baclofen) which was a fifth-degree felony due to a prior related conviction.  *See* R.C. 4729.51(E)(1)(c); R.C. 4729.99(H).  He also pled guilty to count five, which was petty theft, a first-degree misdemeanor.  *See* R.C. 2913.02(A)(3).  The state dismissed a second drug charge after the substance returned a negative test result.  As part of the plea agreement, the state also agreed to dismiss a first-degree misdemeanor drug abuse instrument count (possession of a used "hypodermic or syringe") and a fourth-degree misdemeanor drug paraphernalia count.

{¶3}  At the August 19, 2021 plea hearing, the state pointed out it would be recommending a prison term due to Appellant's extensive criminal record.  (Plea Tr. 3). The court advised Appellant in accordance with Crim.R. 11 and accepted the plea. Before the court granted the state's request for a presentence investigation (PSI), defense counsel acknowledged Appellant was on post-release control and understood he could be subject to revocation upon entering the guilty plea.  (Plea Tr. 18).

{¶4}  At the sentencing hearing, the state recommended prison by emphasizing Appellant's significant criminal history, repeat drug and theft offenses over 20 years, and multiple chances of community control with violations nearly every time.  It was pointed out Appellant's bond was revoked less than two weeks after the plea hearing when Appellant was ejected from a treatment program and indicated to his probation officer that

he had been using drugs again. (Sent.Tr. 3). The state concluded this showed Appellant was not amenable to community control.

**{¶5}** Defense counsel asked for community control or a term at Community Corrections Association (CCA), arguing: Appellant was 37 years old with a supportive family; he recently demonstrated amenability to a non-prison sanction as he was successful in the drug treatment program for six months before the bond revocation; he was ejected from the treatment program merely for failing to submit to a drug test, causing a presumptive positive under the treatment center's policy; he told counsel he did not admit drug use to his probation officer; the CCA alternative does not always work the first few times; and it had been many years since he was provided this alternative. (Sent.Tr. 5-6, 9, 11-12). Counsel pointed out the drug offense to which Appellant pled guilty merely involved one pill and would have been a misdemeanor if not for a prior drug conviction. (Sent.Tr. 4).

**{¶6}** Appellant acknowledged he deserved his past prison terms. (Sent.Tr. 8). On the topic of his most recent drug treatment, Appellant informed the court: he did not even drink alcohol during those six months; he learned much about his life; it was the first time he truly accepted the information presented by a recovery program; and he made the mistake of continuing to associate with prior acquaintances. (Sent.Tr. 7, 12).

**{¶7}** The court pointed out Appellant had been through CCA several times. (Sent.Tr. 10-11, 13). The court observed Appellant: had an extensive criminal history (including juvenile) with prior prison terms; was unsuccessful at numerous attempts at rehabilitation; failed to respond favorably to prior sanctions by violating community control and reoffending; and was on post-release control in two cases (19 CR 884 and 18 CR 58) at the time of the current offenses. (Sent.Tr. 14-15). The court concluded a non-prison sentence would not adequately protect the public and punish Appellant.

**{¶8}** The court sentenced Appellant to the maximum sentence of 12 months in prison for the fifth-degree felony drug offense with a concurrent sentence of 180 days for the first-degree misdemeanor petty theft. He received 32 days of jail time credit. Appellant filed a timely notice of appeal from the October 1, 2021 sentencing entry.

<u>ASSIGNMENT OF ERROR</u>

**{¶9}** Appellant's assignment of error contends:

"THE TRIAL COURT ERRED AND IMPOSED A SENTENCE CLEARLY AND CONVINCINGLY CONTRARY TO LAW BY FAILING TO GRANT A SENTENCE OF COMMUNITY CONTROL."

**{¶10}** Appellant contends the sentence should be modified or reversed and remanded, urging it was clearly and convincingly contrary to law to impose a sentence of incarceration. He notes he already served 32 days in jail before sentencing and claims a sentence to time-served plus community control was appropriate. He describes the crimes as "miniscule" and observes the drug offense involving one pill would have been a misdemeanor if not for prior convictions. He also points to his substance abuse problem and his admission of guilt.

**{¶11}** In felony sentencing, "[t]he appellate court's standard for review is not whether the sentencing court abused its discretion." R.C. 2953.08(G)(2). The court can vacate or modify a felony sentence if it clearly and convincingly finds either: "(a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant; [or] (b) That the sentence is otherwise contrary to law." *Id.*[1]

**{¶12}** As the state points out, R.C. 2929.13(B)(1)(a) says the court shall impose community control for this type of fifth-degree felony *if* all of the listed conditions are met, *unless* (B)(1)(b) applies. First, Appellant did not meet the condition in subdivision (B)(1)(a)(i) requiring no prior felony convictions. Moreover, under subdivision (B)(1)(b), the court has discretion to impose prison for a fifth-degree felony where (as here) "[t]he offender violated a term of the conditions of bond as set by the court" or "at the time of the offense was serving, or the offender previously had served, a prison term." R.C. 2929.13(B)(1)(b)(iii),(xi). In such case, "the sentencing court shall comply with the purposes and principles of sentencing under section 2929.11 of the Revised Code and with section 2929.12 of the Revised Code." R.C. 2929.13(B)(2)(b).

---

[1] The other statutes cited in R.C. 2953.08(G)(2)(a) are irrelevant here: R.C. 2929.13(D) deals with findings required in order to impose community control in cases where there is a presumption in favor of prison; R.C. 2929.14(C)(4) applies to consecutive sentences; and R.C. 2929.20(I) is a judicial release provision.

{¶13} "[A] trial court is not required to make specific findings when imposing a prison sentence pursuant to R.C. 2929.13(B)(1)(b)." *State v. Benson*, 7th Dist. Mahoning No. 18 MA 0042, 2019-Ohio-4635, ¶ 13, citing *State v. Floyd*, 7th Dist. Belmont No. 15 BE 61, 2017-Ohio-4278, ¶ 7 (affirming a prison sentence because the record established the defendant violated the conditions of bond, despite the trial court's failure to make specific findings at the sentencing hearing). *See also State v. Lewis*, 3d Dist. Marion No. 9-20-49, 2021-Ohio-1692, ¶ 16, quoting *State v. Paxon*, 11th Dist. Trumbull No. 2019-T-0011, 2019-Ohio-3551, ¶ 18 ("the statute does not require a court to explicitly make a finding before it has discretion to impose prison. Instead, a plain reading of the applicable version of R.C. 2929.13(B)(1)(b) confirms that if any of the factors apply, the court has discretion to impose a prison term").[2]

{¶14} Appellant cites *Marcum* where the Supreme Court held "an appellate court may vacate or modify a felony sentence on appeal only if it determines by clear and convincing evidence that the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law." *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 1. Although the sentencing statute only listed specific statutes, the *Marcum* Court additionally said "it is fully consistent for appellate courts to review those sentences that are imposed solely after consideration of the factors in R.C. 2929.11 and 2929.12 under a standard that is equally deferential to the sentencing court." *Id.* at ¶ 23. However, this statement has since been declared dicta and rejected. *State v. Jones*, 163 Ohio St.3d 242, 2020-Ohio-6729, 169 N.E.3d 649, ¶ 28.

{¶15} As the state points out, the Supreme Court in *Jones* decided a reviewing court cannot use subdivision (G)(2)(a) of R.C. 2953.08 to review whether the record supports R.C. 2929.11 or R.C. 2929.12 findings as those statutes are not listed in (G)(2)(a). *Jones*, 163 Ohio St.3d 242 at ¶ 27-29. "Nothing in R.C. 2953.08(G)(2) permits an appellate court to independently weigh the evidence in the record and substitute its judgment for that of the trial court concerning the sentence that best reflects compliance with R.C. 2929.11 and 2929.12." *Id.* at ¶ 42 ("In particular, R.C. 2953.08(G)(2) does not

---

[2] And, a maximum felony sentence does not require specific findings. *See, e.g., State v. Tubbs*, 7th Dist. Mahoning No. 18 MA 0094, 2020-Ohio-730, ¶ 63.

permit an appellate court to conduct a freestanding inquiry like the independent sentence evaluation" the Court must conduct when reviewing a death-penalty sentence). The "otherwise contrary to law" language in the sentencing review statute does not allow the appellate court to reverse by finding "the record does not support the sentence." *Id.* at ¶ 38. *See also State v. Toles*, __ Ohio St.3d __, 2021-Ohio-3531, __ N.E.3d __ (affirming based on *Jones* where a defendant argued the record did not support certain findings).

**{¶16}** In any event, Appellant's sentence is supported by the purposes and principles of sentencing in R.C. 2929.11 and the seriousness and recidivism factors in R.C. 2929.12. Appellant insists the drug offense was not serious. However, it was for the trial court to decide whether such claim was outweighed by the recidivism factors and any other factor the court believed was relevant. "[A] court that imposes a sentence under this chapter upon an offender for a felony has discretion to determine the most effective way to comply with the purposes and principles of sentencing set forth in section 2929.11 of the Revised Code." R.C. 2929.12(A) (upon considering the factors in the statute and "any other factors that are relevant to achieving those purposes and principles of sentencing.").

**{¶17}** "[N]either R.C. 2929.11 nor 2929.12 requires a trial court to make any specific factual findings on the record." *Id.* at ¶ 20, citing *State v. Wilson*, 129 Ohio St.3d 214, 2011-Ohio-2669, 951 N.E.2d 381, ¶ 31 and *State v. Arnett*, 88 Ohio St.3d 208, 215, 724 N.E.2d 793 (2000). Still, at sentencing and in the judgment entry, the trial court declared that it reviewed the purposes and principles of sentencing in R.C. 2929.11 and the seriousness and recidivism factors in R.C. 2929.12. Furthermore, the court made various findings and concluded a non-prison sentence would not adequately protect the public and punish Appellant.

**{¶18}** As the court emphasized, Appellant had an extensive criminal record spanning 20 years starting with a delinquency matter. *See* R.C. 2929.12(D)(2) (recidivism is more likely where the offender previously was adjudicated a delinquent child or has a history of criminal convictions). *See also* R.C. 2929.12(E)(1)-(2). The court pointed to its evaluation of the PSI, which this court has reviewed. As found by the trial court, Appellant served prior prison terms and failed to respond favorably to prior sanctions as demonstrated by his behavior of reoffending and violating community control. *See* R.C.

2929.12(D)(4) (recidivism is more likely where the offender has not responded favorably to sanctions previously imposed for criminal convictions). Furthermore, as the court reported, Appellant was on post-release control in two cases when he committed the current offense. *See* R.C. 2929.12(D) (recidivism more likely if the offense was committed while under post-release control).

**{¶19}** It was observed by the court that Appellant had been through CCA multiple times in the past. While counsel noted those CCA opportunities were many years ago, Appellant was also unsuccessful at numerous attempts at rehabilitation through various treatment programs, as underscored by the trial court. Although Appellant acknowledged a demonstrated pattern of drug abuse as related to the offense and said he wanted treatment, he was ejected from a program just weeks prior to sentencing. *See* R.C. 2929.12(D)(4). As discussed at sentencing, this resulted in the revocation of Appellant's bond in this case less than two weeks after he entered his guilty plea. Moreover, one could conclude Appellant did not lead "a law-abiding life for a significant number of years" prior to committing these offenses. *See* R.C. 2929.12(E)(3). In addition, there is no indication the offense was "committed under circumstances not likely to recur." *See* R.C. 2929.12(E)(4).

**{¶20}** In sum, it was not clearly and convincingly contrary to law for the trial court to refuse Appellant's request for community control and to impose a twelve-month maximum sentence for the fifth-degree felony drug offense.

**{¶21}** As Appellant is seeking community control, his brief includes the concurrent 180-day sentence for the first-degree misdemeanor theft in his argument against incarceration (essentially applying the same arguments as presented on the felony drug offense). When imposing a misdemeanor sentence, a trial court has the "discretion to determine the most effective way to achieve the purposes and principles of sentencing." R.C. 2929.22(A), citing R.C. 2929.21. Before imposing a jail term as a sentence for a misdemeanor, a court shall consider the appropriateness of imposing a community control sanction * * *." R.C. 2929.22(C).

**{¶22}** Community control was not available as the court was sentencing him to prison on the felony offense. Appellant does not cite the misdemeanor sentencing statutes for the 180-day sentence on the theft offense. Nevertheless, we point out the

standard of review for a misdemeanor sentence is abuse of discretion. *State v. Norris*, 7th Dist. Noble No. 19 NO 0467, 2020-Ohio-764, ¶ 17. An abuse of discretion requires a finding that the trial court's decision was unreasonable, arbitrary, or unconscionable. *State v. Adams*, 62 Ohio St.2d 151, 157, 404 N.E.2d 144 (1980).

**{¶23}** R.C. 2929.22(B) contains factors for the trial court to consider in choosing an appropriate misdemeanor sentence. It was reasonable to conclude Appellant was "likely to commit future crimes in general" and "has a history of persistent criminal activity and [his] character and condition reveal a substantial risk that [he] will commit another offense." *See* R.C. 2929.22(B)(1)(b),(e). Moreover, the multitude of circumstances reviewed above in considering the felony sentence are also relevant to the misdemeanor offense committed at the same time. *See* R.C. 2929.22(B)(2) (any other relevant factor). Finally, the court need not make findings or give reasons to support the sentence. *State v. Crable*, 7th Dist. Belmont No. 04 BE 17, 20 04-Ohio-6812, ¶ 24. *See also State v. Inman*, 4th Dist. Washington No. 19CA27, 2021-Ohio-1573, ¶ 8 (no abuse of discretion to cite felony sentencing statute where only misdemeanor sentencing occurred).[3] It was not unreasonable, arbitrary, or unconscionable to impose a maximum sentence for the misdemeanor theft offense to run concurrent with the felony sentence.

**{¶24}** For the foregoing reasons, Appellant's assignment of error is overruled, and the trial court's judgment is affirmed.

Waite, J., concurs.

D'Apolito, J., concurs.

---

[3] We note an unraised misdemeanor sentencing statute also provides: "A court may impose the longest jail term authorized under section 2929.24 of the Revised Code only upon offenders who commit the worst forms of the offense or upon offenders whose conduct and response to prior sanctions for prior offenses demonstrate that the imposition of the longest jail term is necessary to deter the offender from committing a future crime." R.C. 2929.22(C). "This court and others have ruled the misdemeanor sentencing court is not bound by this provision to the extent it requires judicial fact-finding for a maximum sentence * * *." *State v. Burley*, 2017-Ohio-378, 83 N.E.3d 322, ¶ 9 (7th Dist.). In any event, Appellant's conduct and response to prior sanctions showed a maximum term was necessary to deter him from committing a future crime.

[Cite as *State v. Faiola*, 2022-Ohio-1126.]

_____

For the reasons stated in the Opinion rendered herein, the assignment of error is overruled and it is the final judgment and order of this Court that the judgment of the Court of Common Pleas of Mahoning County, Ohio, is affirmed.  Costs waived.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure. It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

### NOTICE TO COUNSEL

**This document constitutes a final judgment entry.**